2004 UT 92

**Darwin C. FISHER and Cheryl Rae Fisher, husband and wife, Plaintiffs, Appellees, and Cross–Appellants,**

v.

**G. Evan BYBEE, Dennis Gay, individually, and Summerhawk, Inc., dba Citioil, Defendants, Appellants, and Cross–Appellees.**

No. 20020369.

Supreme Court of Utah.

Nov. 5, 2004.

Darwin C. Fisher, Provo, for plaintiffs.

Richard R. Harrington, James K. Haslam, Provo, for G. Evan Bybee, Dennis Gay and Summerhawk, Inc., both pro se.

NEHRING, Justice:

¶ 1 In this appeal we are asked to decide whether the trial court exceeded its authority when it held that Utah Rule of Civil Procedure 60(b)(1) could not be used to set aside a judgment that may have been based on a mistaken application of law. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 The defendants, Mr. Evan Bybee and others, entered into a contract with the Fishers to purchase a car wash business. Later, the Fishers sued Mr. Bybee for breach of contract. After resisting the Fishers' application for a prejudgment writ of garnishment, Mr. Bybee failed to answer the complaint, and a default judgment was entered against him.

¶ 3 Eight years later, with their unsatisfied judgment about to expire, the Fishers filed

an ex parte motion seeking to renew the judgment.[1] Judge Ray Harding, Jr., signed an order granting the Fishers' motion. Three days later, the Fishers mailed a copy of their motion, along with an unsigned copy of Judge Harding's order, to Mr. Bybee.

¶ 4 Apparently uneasy about having acquired the renewal of their judgment through an ex parte proceeding, the Fishers drafted a second motion to extend the judgment, which they also mailed to Mr. Bybee. After receiving no response from Mr. Bybee, the Fishers repeated the mailing one month later. Mr. Bybee received the papers sent by the Fishers, but chose not to respond because he believed that, under applicable Utah law, a judgment could not be renewed by motion. Judge Harding granted the Fishers' second, and unopposed, motion to renew the judgment.

¶ 5 Mr. Bybee then filed a rule 60(b)(1) motion with the objective of setting aside Judge Harding's order on the grounds that it was the product of the judge's "mistake" in interpreting the law. Mr. Bybee chose this characterization of the trial court's action because rule 60(b)(1) extends the possibility of relief to those against whom a final judgment has been entered by reason of "mistake, inadvertence, surprise or excusable neglect." Utah R. Civ. P. 60(b)(1). Mr. Bybee insisted that the trial court must have been mistaken within the meaning of rule 60(b)(1) when it failed to provide him with the notice that the orders extending the judgment had been entered, and when it granted the Fishers' motion in contravention of section 78–12–22 of the Utah Code, the statute governing the renewal of judgments. According to Mr. Bybee, section 78–12–22 does not permit the renewal of a judgment by motion, but rather requires that judgments be renewed by filing a separate action for that purpose.

¶ 6 The trial court agreed with Mr. Bybee that section 78–12–22 required that a separate suit be initiated to renew a judgment and that the Fishers had proceeded improperly when they renewed their judgment by motion. The trial court declined, however, to set aside the order renewing the judgment, holding that Judge Harding's decision to grant the motion and to enter the order was not a "mistake" within the meaning of rule 60(b)(1).

**ISSUES AND STANDARD OF REVIEW**

■■■ ¶ 7 Mr. Bybee appeals the trial court's denial of his rule 60(b)(1) motion. We will generally reverse a trial court's denial of a rule 60(b) motion only where the court has exceeded its discretion. *Lund v. Brown,* 2000 UT 75, ¶¶ 10–11, 11 P.3d 277. The trial court issued a thoroughgoing explanation of its ruling, reasoning that Mr. Bybee was foreclosed from obtaining rule 60(b)(1) relief as a matter of law. The outcome of rule 60(b) motions are rarely vulnerable to attack. We grant broad discretion to trial court's rule 60(b) rulings because most are equitable in nature, saturated with facts, and call upon judges to apply fundamental principles of fairness that do not easily lend themselves to appellate review. *See Oseguera v. Farmers Ins. Exch.,* 2003 UT App 46, ¶¶ 9–10, 68 P.3d 1008. The ruling here, however, turned almost exclusively on the court's legal interpretation of rule 60(b)(1)'s scope. This is evident from the trial court's observation that "[i]n a case where the trial court has made a mistake as to a fundamental principle of law and in which a final order has been issued, the appropriate forum for a remedy is an appellate court." Because the trial court's ruling turned on its conclusion that rule 60(b)(1) did not apply to Judge Harding's treatment of the Fishers' motions to renew the judgment, a decision dependent upon the legal question of how rule 60(b)(1) should be interpreted, we therefore review the decision for correctness. *Lund,* 2000 UT 75 at ¶¶ 9–11, 11 P.3d 277.

¶ 8 The Fishers have cross-appealed the trial court's ruling that section 78–12–22 per-

---

1. Utah Code section 78–12–22 instructs that "[a]n action may be brought within eight years upon a judgment or decree of any court of the United States, or of any state or territory within the United States." Utah Code Ann. § 78–12–22 (2002).

mits the renewal of a judgment only by filing a new lawsuit. Because we affirm the trial court's denial of Mr. Bybee's rule 60(b) motion, we do not reach the merits of whether the renewal was properly obtained, and only address the circumstances surrounding the acquisition of the renewed judgment in the context of evaluating its eligibility to be treated as a "mistake" under rule 60(b)(1).

## ANALYSIS

¶ 9 Mr. Bybee maintains that Judge Harding mistakenly interpreted section 78–12–22 of the Utah Code when he entered a renewed judgment against him initiated by a motion, not a new lawsuit. While the trial court agreed with Mr. Bybee that the debtor judgment should not have been renewed based on the Fishers' motion, it did not void the judgment under rule 60(b)(1), holding that rule 60(b)(1) was proper to remedy only a clerical mistake, not a major judicial misapprehension of the law. We agree with the trial court.

¶ 10 We note at the outset that, although we conduct our review of the trial court's ruling under the correctness standard, the scope of that review is limited. *Franklin Covey Client Sales, Inc. v. Melvin,* 2000 UT App 110, ¶ 19, 2 P.3d 451. The court of appeals explained the rationale for a restricted rule 60(b) review by citing *Moore's Federal Practice:*

> Even when an order on a Rule 60(b) motion is appealable, the appeal is narrow in scope. An appeal of a Rule 60(b) order addresses only the propriety of the denial or grant of relief. The appeal does not, at least in most cases, reach the merits of the underlying judgment from which relief was sought. Appellate review of Rule 60(b) orders must be narrowed in this manner lest Rule 60(b) become a substitute for timely appeals.

*Id.* (12 James Wm. Moore et al., *Moore's Federal Practice* § 60.68[3] (3d ed.1999)).

¶ 11 Cases from our appellate courts reveal a willingness to surrender to the temptation to correct legal errors challenged by rule 60(b)(1) motions. *See, e.g., Otteson v. Dep't of Human Servs.,* 945 P.2d 170, 172 (Utah Ct.App.1997) (holding that a rule 60(b) motion could, in fact, be used to correct a mistake of law); *Bischel v. Merritt,* 907 P.2d 275, 277 (Utah Ct.App.1995) (holding that a "mistake of law by [the] trial court may support a[r]ule 60(b) motion"). However, in *Franklin Covey,* the court of appeals appears to have categorically removed legal error from the realm of mistakes recognized under rule 60(b)(1). 2000 UT App 110 at ¶ 22, 2 P.3d 451. Relying on guidance from the Seventh Circuit Court of Appeals, our court of appeals pared back its definition of judicial "mistake" to include only the correction of "a minor oversight, such as the omission of damages, which in most cases would be obvious." *Id.* (citation omitted). We find the court of appeals's explication of rule 60(b)(1) "mistake" sound, and we therefore endorse it.

¶ 12 In addition, by clarifying that the term "mistake," as used in rule 60(b)(1), has general application to the activities of counsel and parties, but seldom extends to judicial decisions, we bring logical harmony to this component of the rule. The other forms of unintentional conduct that rule 60(b)(1) deems eligible to be considered as grounds to set aside a judgment—inadvertence, surprise, and excusable neglect—are aptly suited to describe circumstances which might befall counsel or parties. Those afflicted by these circumstances are also best suited to explain them to a court in a motion for relief under rule 60(b)(1). The same is not true of the inadvertence, surprise, or neglect, which might influence the decision of judges. It would be far-fetched, indeed, for a party to bring a rule 60(b)(1) motion based on the claim that a judge's unfavorable ruling could be traced to one or more of these untoward circumstances. The court of appeals arrived at the same conclusion in its observation that rule 60(b)(1) "permits the trial court ... to relieve a party from a final judgment *if the party demonstrates* 'mistake, inadvertence, surprise or excusable neglect.' " *Id.* at ¶ 20

(emphasis added). We agree, relying on a long held interpretation from the First Circuit that "[i]n sum, 'if a court merely wrongly decides a point of law, that is not [mistake], inadvertence, surprise, or excusable neglect.' " *Id.* at ¶ 22 (quoting *Silk v. Sandoval,* 435 F.2d 1266, 1267 (1st Cir.1971)).

¶ 13 Accordingly, we affirm the trial court.

¶ 14 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice DURRANT, and Justice PARRISH concur in Justice NEHRING's opinion.