2006 UT App 118

**Venna M. Swalsberg LANGE, Trustee of the Carl A. Swalsberg Family Trust, Plaintiff and Appellee,**

v.

**David EBY, Defendant and Appellant.**

No. 20050040–CA.

Court of Appeals of Utah.

March 23, 2006.

Casey K. McGarvey and E. Scott Savage, Salt Lake City, for Appellant.

Richard D. Burbidge, Stephen B. Mitchell, and Jefferson W. Gross, Salt Lake City, for Appellee.

Before GREENWOOD, Associate P.J., DAVIS, and McHUGH, JJ.

## MEMORANDUM DECISION

GREENWOOD, Associate Presiding Judge:

¶ 1 Defendant David Eby appeals the trial court's denial of his rule 60(b) motion for relief from judgment. *See* Utah R. Civ. P. 60(b). We affirm.

¶ 2 In the underlying case, Plaintiff Venna M. Swalsberg Lange filed an action against Eby and Geary Construction, Inc. (Geary), alleging negligence and trespass for damage to a road on her property. In June 2004, Lange and Geary entered into a settlement agreement whereby Lange released all claims against Geary, Geary paid Lange $140,000, and Lange specifically reserved all claims against Eby. After a jury found Eby eighty-five percent at fault, the trial court entered judgment against Eby on July 13, 2004 for $47,750.

¶ 3 We begin with a brief review of the procedural history relevant to this appeal. On July 20, 2004, unaware that the judgment had been entered, Eby filed a motion to be credited with the Geary settlement. On July 22, 2004, upon learning of the entry of judgment, Eby filed a motion for relief from judgment pursuant to rule 60(b) of the Utah Rules of Civil Procedure, arguing that the trial court should set aside the judgment until it considered his motion to be credited with the Geary settlement. *See* Utah R. Civ. P. 60(b). After hearing arguments, the trial judge denied both the motion to be credited with the Geary settlement and the motion for relief from judgment. Before the trial court's denial was entered, Eby filed a notice of appeal from the judgment and from the denial of both motions.

¶ 4 Thereafter, Lange filed a motion for summary disposition with this court, and Eby filed a motion for stay pending appeal. This court entered an order partially dismissing the appeal and denying stay. We held that an order denying a rule 60(b) motion is a final appealable order, *see Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950, 970 (Utah Ct.App.1989), and is not excluded from rule 4(c) of the Utah Rules of Appellate Procedure. *See* Utah R.App. P. 4(c). However, we limited Eby's appeal to "challenging the grounds for denial of the rule 60(b) motion" because we lacked jurisdiction over Eby's appeal of the judgment and order on the post-judgment motion to credit Eby with the settlement amount. Under rule 4(b) of the Utah Rules of Appellate Procedure, Eby's appeal from the final judgment was untimely and, consequently, had no effect because it was filed before the entry of the disposition of his motion to be credited with settlement, the "functional equivalent of a motion to alter or amend the judgment under rule 52(b) or 59(e)." *See* Utah R.App. P. 4(b); [1] *see also* Utah R. Civ. P. 52(b), 59(e). In addition, Eby's rule 60(b) motion for relief from judgment did not extend the date for the filing of an appeal because it is not one of the motions enumerated in rule 4(b). *See* Utah R.App. P. 4(b).

¶ 5 Eby contends that he is entitled to relief from judgment because the trial court wrongly denied him relief under rule 60(b) by not crediting him with the Geary settlement under Utah Code section 15–4–3. *See* Utah Code Ann. § 15–4–3 (2001). Specifically, Eby argues that the trial court committed legal error under each of the following subsections of Utah Rule of Civil Procedure 60(b): 60(b)(1) (mistake); [2] 60(b)(4) (the judgment is void); 60(b)(5) (no longer equitable for the judgment to have prospective application); and 60(b)(6) (any other reason justifying relief). [3] *See* Utah R. Civ. P. 60(b)(1), (4)-(6).

■■ ¶ 6 "'A trial court has discretion in determining whether a movant has shown [Rule 60(b) grounds], and this Court will reverse the trial court's ruling only when there has been an abuse of discretion.'" *Franklin Covey Client Sales, Inc. v. Melvin*, 2000 UT App 110, ¶ 9, 2 P.3d 451 (alteration in original) (quoting *Ostler v. Buhler*, 957 P.2d 205, 206 (Utah 1998) (additional quotations and citation omitted)).

■■ ¶ 7 We agree with Lange that Eby cannot raise the merits of his argument that he should be credited the settlement amount because it is not within the scope of his appeal from the denial of his rule 60(b) motion. We have previously held that a rule 60(b) motion is not the appropriate means to raise a mistake of law. *See id.* at ¶ 21 ("[A]n appeal or motion for new trial, rather than a [Rule] 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge") (alterations in original) (quota-

1. Utah Rule of Appellate Procedure 4(b) has since been amended and now states:

   A notice of appeal filed after announcement or entry of judgment, but before entry of an order disposing of any motion listed in Rule 4(b), shall be treated as filed after entry of the order and on the day thereof, except that such a notice of appeal is effective to appeal only from the underlying judgment.

   Utah R.App. P. 4(b)(2) (amended effective November 1, 2005).

2. Eby contends that he is entitled to relief from judgment under rule 60(b)(1) because the trial court mistakenly failed to adhere to its pretrial ruling that it would invite further argument on the credit for settlement issue and instead entered judgment against Eby without ruling on this motion. However, even if the trial court erred by not considering Eby's credit for settlement argument after assuring Eby it would, it is harmless error, *see* Utah R. Civ. P. 61, because the judge later considered and then denied Eby's post-judgment motion to be credited with the settlement, in which he raised the same credit for settlement issue.

3. Rule 60(b) of the Utah Rules of Civil Procedure states, in pertinent part:

   On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake ...; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

   Utah R. Civ. P. 60(b).

tions and citations omitted). Moreover, although this court analyzed rule 60(b)(1), we also noted more generally that an appeal from a 60(b) motion " 'does *not,* at least in most cases, reach the merits of the underlying judgment from which relief was sought.' " *Id.* at ¶ 19 (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.68[3] (3d ed.1999)). A rule 60(b) motion cannot "be used as a 'back door' to a direct appeal of the underlying [motions]." *Id.* at ¶ 23. Instead, we must narrow an appeal of a rule 60(b) order to the denial or grant of relief so that it does not " 'become a substitute for timely appeals.' " *Id.* at ¶ 19 (quoting Moore et al., *supra,* § 60.68[3] ).

¶ 8 The Utah Supreme Court endorsed the reasoning of *Franklin Covey* in *Fisher v. Bybee,* 2004 UT 92, 104 P.3d 1198, and "categorically removed legal error from the realm of mistakes recognized under rule 60(b)(1)." *Id.* at ¶ 11. The *Fisher* decision noted that *Franklin Covey* cited *Moore's Federal Practice* in explaining "the rationale for a restrictive rule 60(b) review." *Id.* at ¶ 10; *see also* Moore et al., *supra,* § 60.68[3]. Eby attempts to avoid the mandate of *Fisher* and *Franklin Covey* by characterizing his motion as being brought under rule 60(b)(4), (5), and (6), not just rule 60(b)(1).

¶ 9 However, the essence of Eby's argument is that the trial court committed legal error in not crediting him with the settlement, resulting in a void, unfair, and/or inequitable judgment. Moore's treatise, as concurred in by both the *Fisher* and *Franklin Covey* opinions, makes clear that all rule 60(b) motions attacking the legality of a trial court ruling are substitutes for timely appeals and will not succeed. *See* Moore et al., *supra,* § 60.68[3].

¶ 10 We therefore affirm the trial court's denial of Eby's rule 60(b) motion.

¶ 11 WE CONCUR: JAMES Z. DAVIS and CAROLYN B. McHUGH, Judges.