2007 UT App 378

Dee **HENSHAW**, Barbara Henshaw, and Dana Henshaw, Plaintiffs and Appellant,

v.

**ESTATE OF Jack KING and Bonnie King**, Defendants and Appellees.

No. 20061175–CA.

Court of Appeals of Utah.

Nov. 23, 2007.

Charles A. Schultz, Brigham City, for Appellant.

David R. Williams and Anthony M. Grover, Salt Lake City, for Appellees.

Before GREENWOOD, Associate P.J., McHUGH, and ORME, JJ.

## OPINION

McHUGH, Judge:

¶1 Plaintiff Dee Henshaw [1] appeals the

---

**1.** The complaint also lists Barbara Henshaw and Dana Henshaw as plaintiffs in the action. The

trial court subsequently concluded, however, that Barbara and Dana Henshaw did not have any

trial court's grant of Defendants Jack[2] and Bonnie King's motion for directed verdict and the trial court's denial of Henshaw's motion brought under rule 60(b) of the Utah Rules of Civil Procedure. We affirm.

## BACKGROUND

¶ 2 The Kings own real property in Wayne County, Utah, which includes certain water rights for irrigation from a nearby waterway known as Pine Creek. Several years ago, the Kings sold a portion of their water rights to their neighbors, Raymond and Mildred Watrous. These rights were conveyed in a water deed. In July 1992, Barbara Henshaw purchased the Watrouses' home and moved onto the property. Barbara Henshaw used the water rights just as the Watrouses had, and without any problem, for approximately eight years. Barbara conveyed her home to her son, Dee Henshaw, in August 2003.

¶ 3 The current dispute over the water rights began in 2000 when, according to the Kings, Dee Henshaw began using more water than was originally allocated to the Watrouses. Eventually, the Kings placed a gate valve on the waterline and prevented Henshaw from obtaining water from Pine Creek. As a result, Henshaw filed the present action alleging breach of contract, tortious interference, breach of the covenant of good faith and fair dealing, theft or conversion, harassment,[3] and intentional infliction of emotional distress. The Kings filed an answer, which alleged that Henshaw had no water rights, and a counterclaim asking the trial court to quiet title in the disputed water rights to the Kings.

¶ 4 The case proceeded to trial, which occurred from April 17 to April 20, 2006. At the close of Henshaw's evidence, the Kings moved for a directed verdict. Ruling from

the bench, the trial court granted the motion in part, dismissing with prejudice Henshaw's claims of tortious interference, intentional infliction of emotional distress, breach of contract, and breach of the covenant of good faith and fair dealing. The court also held that Henshaw had no cause of action against the Kings for theft or conversion. The trial court then "direct[ed] a verdict adjudging that [Henshaw] acquired no right, title or interest of Raymond Watrous to Pine Creek water or to an easement [on the Kings' land]" because "the evidence failed to show" that Henshaw acquired such rights through Raymond Watrous.

¶ 5 At the close of the Kings' evidence, Henshaw also filed a motion for directed verdict, which the trial court denied. Again ruling from the bench, the trial court determined that Henshaw would be able to present to the jury his claims that he is entitled to use water from Pine Creek, that he has an easement to connect a three-inch waterline to the Kings' six-inch waterline, and that the Kings' claim to quiet title to the water rights should be denied.[4]

¶ 6 On April 20, 2006, the jury returned a verdict which determined that Henshaw had failed to establish by a preponderance of the evidence that he was entitled to use water from Pine Creek and that he had an easement to connect his waterline to the Kings' waterline. The jury also determined that title to the disputed Pine Creek water rights should not be quieted in the Kings.

¶ 7 The trial court directed the Kings to prepare the proposed judgment and order on the motions for directed verdict. The Kings mailed copies of the proposed judgment and order to Henshaw on May 4, 2006. Henshaw filed objections to them, which were signed by counsel for Henshaw on May 15, 2006, but were not filed with the trial court until May

---

claims against the Kings. Neither Barbara nor Dana appealed that ruling. Consequently, we reference only Dee Henshaw as the plaintiff in this appeal.

2. Jack King died while this appeal was pending, and therefore the Estate of Jack King is Bonnie King's codefendant on appeal. As a convenience to the reader, we refer to Defendants collectively as the Kings.

3. Henshaw dropped the harassment claim in an amended complaint.

4. It is unclear from the trial court's order on the motions for directed verdict whether Henshaw's claim to an easement and water rights presented to the jury was independent of the Raymond Watrous interest, and the trial court's ruling from the bench is not part of the record on appeal.

18, 2006. The Kings responded to Henshaw's objections by filing a reply memorandum on May 22, 2006. Prior to receiving Henshaw's objections, the trial court signed the proposed judgment and order on May 15, 2006.

¶ 8 After trial but before the filing of the proposed judgment and order, the Kings filed a Motion for Judgment Notwithstanding the Verdict. In an order signed on June 15, 2006, the trial court denied the Kings' motion. In the same order, the trial court denied Henshaw's objections to the proposed judgment and order as untimely, but also stated that the proposed judgment and order "accurately reflect[ed] the [c]ourt's ruling on the Motions for Directed Verdict, as well as the Verdict rendered by the Jury."

¶ 9 On June 27, 2006, Henshaw filed a Motion to Alter or Amend the Judgment, which the trial court construed as a motion brought under rule 59(e) of the Utah Rules of Civil Procedure.[5] In an order filed on September 13, 2006, the trial court denied Henshaw's motion as untimely "because it was served more than a month after the entry of the Order on Motions for Directed Verdict and the Judgment." *See* Utah R. Civ. P. 59(e) (stating that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of judgment").

¶ 10 Henshaw then filed a "Motion for Relief Pursuant to Rule 60(b) [of the Utah Rules of Civil Procedure]" on September 28, 2006. In the motion's supporting memorandum, Henshaw asserted that the trial court had violated rule 7(f)(2) of the Utah Rules of Civil Procedure, *see id.* R. 7(f)(2), as well as Henshaw's rights to due process and equal protection of the law. The trial court issued a memorandum decision and order denying Henshaw's 60(b) motion on November 15, 2006.

¶ 11 On December 15, 2006, Henshaw filed a notice of appeal.

## ISSUES AND STANDARDS OF REVIEW

¶ 12 Henshaw contends that the trial court erred by granting the Kings' motion for directed verdict. " '[I]n reviewing a grant of a directed verdict, we view all facts and the inferences drawn therefrom in the light most favorable to the nonmoving party. We reverse a directed verdict when the evidence [so viewed] is sufficient to permit a reasonable jury to find for the nonmovant.' " *Gilbert v. Ince*, 1999 UT 65, ¶ 14, 981 P.2d 841 (citation omitted) (second alteration in original) (quoting *Nay v. General Motors Corp.*, 850 P.2d 1260, 1261, 1263 (Utah 1993)).

¶ 13 Henshaw also challenges the trial court's denial of his motion for relief brought under rule 60(b) of the Utah Rules of Civil Procedure. " 'A trial court has discretion in determining whether a movant has shown [Rule 60(b) grounds], and this Court will reverse the trial court's ruling only when there has been an abuse of discretion.' " *Lange v. Eby*, 2006 UT App 118, ¶ 6, 133 P.3d 451 (alteration in original) (quoting *Franklin Covey Client Sales, Inc. v. Melvin*, 2000 UT App 110, ¶ 9, 2 P.3d 451).

¶ 14 Finally, the Kings argue that they are entitled to their attorney fees on appeal under rule 33 of the Utah Rules of Appellate Procedure. *See* Utah R.App. P. 33(a) ("[I]f the court determines that a[n] ... appeal taken under these rules is either frivolous or for delay, it shall award just damages ... and/or reasonable attorney fees....").

## ANALYSIS

### I. Directed Verdict

¶ 15 Henshaw's first claim on appeal is that the trial court erred by granting the Kings' motion for directed verdict. In its May 15, 2006 order on the motions for directed verdict, the trial court ruled that Henshaw failed to establish by a preponderance of the evidence that he was entitled through Raymond Watrous to use water from Pine Creek and that he had an easement to connect his waterline to the Kings' waterline for the purposes of irrigating his property. The Kings argue that we lack jurisdiction to consider Henshaw's argument. We agree and hold that Henshaw's notice of appeal was untimely with respect to his challenge to the directed verdict.

---

5. Neither the motion nor the memorandum in support of it cited any rule as its basis.

¶ 16 According to rule 4(a) of the Utah Rules of Appellate Procedure, "the notice of appeal ... shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." *Id.* R. 4(a). Certain motions, however, do toll the period in which a litigant must file his notice of appeal. *See id.* R. 4(b)(1). Included in the list of motions that toll the period for filing a notice of appeal is "a motion to alter or amend the judgment under Rule 59 of the Utah Rules of Civil Procedure." *Id.* R. 4(b)(1)(C).

¶ 17 Rule 4(b)(1) of the Utah Rules of Appellate Procedure, however, requires that a rule 59 motion be *timely* in order to extend the period in which a litigant must file a notice of appeal. *See id.* R. 4(b)(1) (stating that "[i]f a party *timely* files in the trial court any of the [enumerated] motions, the time for all parties to appeal from the judgment runs from the entry of the order disposing of the motion" (emphasis added)); *see also Nielson v. Gurley*, 888 P.2d 130, 133 (Utah Ct.App.1994) (stating that motion must be timely in order to extend period in which to file notice of appeal). Here, the trial court entered the judgment and order on the motions for directed verdict on May 15, 2006. Henshaw filed his Motion to Alter or Amend the Judgment on June 27, 2006.[6] In a September 13, 2006 order, the trial court ruled that Henshaw's rule 59 motion was untimely because such a motion must be served within ten days of the entry of the order appealed. *See* Utah R. Civ. P. 59(e) ("A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."). Thus, because Henshaw's rule 59(e) motion was untimely, the period for filing a notice of appeal was not extended.

¶ 18 Henshaw had thirty days in which to file an appeal from the trial court's order on the motions for directed verdict. *See* Utah R.App. P. 4(a). The trial court entered the judgment and order on May 15, 2006. To be valid, the notice of appeal needed to be filed by June 14, 2006. Henshaw, however, did not file his notice of appeal until December 15, 2006. As such, it was untimely. *See id.*

¶ 19 "If an appeal is not timely filed, this court lacks jurisdiction to hear the appeal." *Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 7, 13 P.3d 616; *see also Nielson*, 888 P.2d at 132 ("[W]e cannot take jurisdiction over an untimely appeal. In fact, '[w]hen a matter is outside the court's jurisdiction it retains only the authority to dismiss the action.'" (citation omitted) (second alteration in original) (quoting *Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989))); *Prowswood, Inc. v. Mountain Fuel Supply Co.*, 676 P.2d 952, 955 (Utah 1984) ("It is axiomatic in this jurisdiction that failure to timely perfect an appeal is a jurisdictional failure requiring dismissal of the appeal."). We therefore lack jurisdiction to review Henshaw's challenge to the trial court's order on the motions for directed verdict and dismiss the appeal from that order.

## II.   Rule 60(b) Motion

¶ 20 Henshaw's second argument is that the trial court erred by denying his motion under rule 60(b) of the Utah Rules of Civil Procedure, *see* Utah R. Civ. P. 60(b). "[W]hen an order on a Rule 60(b) motion is appealable, the appeal is narrow in scope .... [and] addresses only the propriety of the denial or grant of relief. The appeal does *not*, at least in most cases, reach the merits of the underlying judgment from which relief was sought." *Franklin Covey Client Sales, Inc. v. Melvin*, 2000 UT App 110, ¶ 19, 2 P.3d 451 (internal quotation marks omitted).

¶ 21 Rule 60(b) of the Utah Rules of Civil Procedure states that under specifically enumerated circumstances, a trial court may "relieve a party or his legal representative from a final judgment, order, or proceeding." Utah R. Civ. P. 60(b). The trial court construed Henshaw's motion as a request for relief under subsection (6) of rule 60(b), which allows a court to grant relief for "any other reason justifying relief from the operation of the judgment." *Id.* R. 60(b)(6).

¶ 22 Henshaw advances two main arguments in support of his claim that the trial court erred by denying his 60(b) motion.

---

6. The motion and memorandum were signed on June 23, 2006, but not filed until June 27, 2006.

First, he asserts that the trial court should have granted his 60(b) motion on the grounds that the court violated rule 7(f)(2) of the Utah Rules of Civil Procedure, *see id.* R. 7(f)(2), by signing the proposed judgment and order on the motions for directed verdict prior to the expiration of Henshaw's time to object. Second, Henshaw challenges the trial court's conclusion that Henshaw was not diligent in determining whether the court had signed the proposed judgment and order. We discuss each argument in turn.

A. Rule 7(f)(2) of the Utah Rules of Civil Procedure

■ ¶ 23 Rule 7(f)(2) of the Utah Rules of Civil Procedure governs the procedure for service and filing of proposed orders and objections thereto, and states:

Unless the court approves the proposed order submitted with an initial memorandum, or unless otherwise directed by the court, the prevailing party shall, within fifteen days after the court's decision, serve upon the other parties a proposed order in conformity with the court's decision. *Objections to the proposed order shall be filed within five days after service. The party preparing the order shall file the proposed order upon being served with an objection or upon expiration of the time to object.*

*Id.* (emphasis added). Henshaw contends that the trial court signed the proposed judgment and order on the motions for directed verdict prior to the expiration of his five-day period to object. According to Henshaw, such conduct violated rule 7(f)(2) and warranted relief under rule 60(b) of the Utah Rules of Civil Procedure. We disagree.

■ ¶ 24 In order to succeed, Henshaw must show that the trial court exceeded its discretion by denying his rule 60(b) motion. *See Lange v. Eby,* 2006 UT App 118, ¶ 6, 133 P.3d 451. The trial court signed the proposed judgment and order on Monday, May 15, 2006. According to Henshaw, the court could not sign the order until Tuesday, May 16, because Monday, May 15, was the last day in which to file an objection. Even assuming, without deciding, that Henshaw has properly calculated the date by which his objection was due, we are not convinced that the trial court erred by signing the proposed order on May 15, 2006.

■ ¶ 25 First, nothing in rule 7(f) requires the trial court to wait for the expiration of a party's objection period prior to signing a proposed judgment or order. *See* Utah R. Civ. P. 7(f)(2) ("*The party* preparing the order shall file the proposed order upon being served with an objection or upon expiration of the time to object." (emphasis added)). To the contrary, Utah case law indicates that the rules pertaining to the entry of proposed judgments and orders are binding only on the litigants and not on the trial court. In *Tolboe Construction Co. v. Staker Paving & Construction Co.,* 682 P.2d 843 (Utah 1984), the Utah Supreme Court held that the rule governing the signing of proposed orders was "binding only upon counsel, not upon the trial court." *Id.* at 849. In *Tolboe,* the appellant claimed the trial court erred by signing proposed findings of fact and conclusions of law prior to the expiration of the objection period. *See id.* at 848. The rule at issue was rule 2.9 of the Rules of Practice in the District Courts and Circuit Courts of the State of Utah,[7] *see id.,* which contained similar language to current rule 7(f)(2) of the Utah Rules of Civil Procedure.[8] *Compare* Utah R. Civ. P. 7(f)(2), *with* Utah R. Practice 2.9(b) (1986) (repealed 1988).

---

7. Rule 2.9 of the Rules of Practice in the District Courts and Circuit Courts of the State of Utah stated: "Copies of the proposed Findings, Judgments, and/or Orders shall be served on opposing counsel before being presented to the court for signature unless the court otherwise orders. Notice of objections thereto shall be submitted to the court and counsel within (5) days after service." Utah R. Practice 2.9(b) (1986) (repealed 1988).

8. Indeed, rule 2.9 of the Rules of Practice is the predecessor to rule 7(f)(2) of the Utah Rules of Civil Procedure, *see* Utah R. Civ. P. 7(f)(2). Rule 2.9 was superseded by rule 4–504(2) of the Utah Code of Judicial Administration, *see* Utah R. Jud. Admin. 4–504(2) (2002) (repealed 2003), which contained similar language. *See* Utah R. Practice 2.9(b) (Supp.1988). Rule 4–504(2) was then repealed and its substance was added to rule 7(f)(2) of the Utah Rules of Civil Procedure in 2003. *See* Utah R. Jud. Admin. 4–501 to –509 (2004).

The Utah Supreme Court held that the trial court did not violate rule 2.9 because the rule did not govern the actions of the court. *See Tolboe,* 682 P.2d at 849; *see also Hoagland v. Hoagland,* 852 P.2d 1025, 1029 (Utah Ct.App. 1993) (upholding challenged order because "the fact that the judge may have signed the recommend[ed order] within the ten-day objection period does not nullify the order, nor does it close off the objection period"). Although *Tolboe* is not directly controlling of the instant case, we nonetheless find it persuasive and conclude that the trial court did not violate rule 7(f)(2) of the Utah Rules of Civil Procedure because that rule places no restrictions on when a trial court may sign a proposed judgment or order.

¶ 26 Further, we fail to see how the trial court's signing of the proposed judgment and order prejudiced Henshaw. *Cf. Tolboe,* 682 P.2d at 849 (determining that party was not prejudiced by trial court's signing of proposed findings of fact and conclusions of law prior to expiration of objection period). The trial court ruled in its June 19, 2006 order that Henshaw's objections were untimely. Nonetheless, in that same order the court addressed the merits of Henshaw's untimely objections and stated that the proposed order and judgment "accurately reflect[ed] the [c]ourt's ruling on the Motions for Directed Verdict, as well as the Verdict rendered by the Jury." Thus, Henshaw has not shown how the alleged violation of rule 7(f)(2) prejudiced him in any way, and we reject Henshaw's claim that he is entitled to relief because the trial court violated that rule.[9]

B. Lack of Diligence

¶ 27 Henshaw next contends that the trial court erred when it denied his rule 60(b) motion on the grounds that Henshaw was not diligent enough in determining whether the trial court entered its judgment on May 15, 2006. Specifically, Henshaw asserts that "there was no reason for either Mr. Henshaw or his attorney to assume that the trial court

had signed and entered [the proposed judgment and order]." Henshaw also states that the Kings deliberately misled him into believing the trial court had not signed the proposed judgment and order by responding to his objections. We hold that the trial court did not exceed its discretion in denying Henshaw's 60(b) motion.

¶ 28 In *Oseguera v. Farmers Insurance Exchange,* 2003 UT App 46, 68 P.3d 1008, we explained that in order to obtain relief under rule 60(b)(6) based on a claim of failure to receive notice of the entry of judgment, "the moving party must ... show[ ] diligence in trying to determine whether judgment had been entered or have been actually misled ... as to whether there had been entry of judgment." *Id.* ¶ 9 (internal quotation marks omitted) (second omission in original). In *Oseguera,* the trial court had entered a judgment sua sponte and without notifying the parties. *See id.* ¶ 4. As a result, Oseguera, the losing party, missed the deadline for filing a notice of appeal and filed a rule 60(b)(6) motion. *See id.* ¶¶ 5–6. The trial court denied Oseguera's motion. *See id.* ¶ 6. We reversed on the grounds that the trial court "actually misled" Oseguera by setting a scheduling conference and oral argument for the same date the order was executed. *See id.* ¶ 11. Furthermore, because Oseguera had requested judgment in her favor and Farmers Insurance had not requested judgment, "Oseguera had no reason to believe such a judgment [in favor of Farmers Insurance] could be forthcoming." *Id.*

¶ 29 Here, on the other hand, Henshaw received timely notice of the proposed judgment and order on the motions for directed verdict. Henshaw also knew that he had only five days in which to object. Thus, Henshaw cannot claim that he was unaware that the trial court might soon enter a judgment and order. Furthermore, the record does not contain any evidence that the trial court, or the Kings, misled Henshaw in any way. The mere filing of a response to Hen-

---

9. Henshaw also argues that the trial court violated his right to due process. We disagree. As discussed above, the trial court did not violate any rules applicable to it. Furthermore, despite its belief that the objections were untimely, the trial court considered but rejected Henshaw's substantive challenge to the proposed order. Consequently, Henshaw was heard on this point. *See Utah County v. Ivie,* 2006 UT 33, ¶ 22, 137 P.3d 797 ("The hallmarks of due process are notice and an opportunity to be heard, but not all proceedings demand the same level of process.").

shaw's objection does not demonstrate any bad faith on the part of the Kings. Indeed, the trial court specifically found that there was no evidence to support the allegations that the Kings had intentionally misled Henshaw.[10]

¶ 30 Although the present case is clearly distinguishable from the facts in *Oseguera*, we reaffirm the generally accepted rule that the moving parties in a 60(b)(6) motion asserting that they had no notice of the trial court's judgment must show either "diligence in trying to determine whether judgment had been entered," or that they were "actually misled ... as to whether there had been entry of judgment." *Id.* ¶ 9 (internal quotation marks omitted) (alteration in original). Furthermore, "[o]ur rules ... put the burden on counsel to check periodically with the clerk of the court as to the date of entry of the findings and judgment so that post-trial motions may be timely filed." *Automatic Control Prods. Corp. v. Tel–Tech, Inc.,* 780 P.2d 1258, 1260 (Utah 1989) (holding that trial court did not err by failing to notify counsel promptly after signing findings of fact and conclusions of law and judgment); *see also West v. Grand County,* 942 P.2d 337, 340 (Utah 1997). Because Henshaw failed to make such a showing, we conclude that the trial court did not exceed its discretion by denying Henshaw's rule 60(b) motion.

### III. Attorney Fees

¶ 31 Finally, the Kings assert that they are entitled to attorney fees under rule 33 of the Utah Rules of Appellate Proce-

dure because Henshaw's appeal is frivolous. We disagree. An appeal is frivolous if it "is not grounded in fact, not warranted by existing law, or not based on a good faith argument to extend, modify, or reverse existing law." Utah R.App. P. 33(b); *see also O'Brien v. Rush,* 744 P.2d 306, 310 (Utah Ct.App.1987) ("A frivolous appeal is one without merit."). Because Henshaw's challenge to the denial of his 60(b) motion was not wholly without merit, we deny the Kings' request for attorney fees.[11]

### CONCLUSION

¶ 32 We lack jurisdiction to consider Henshaw's appeal of the directed verdict because Henshaw's notice of appeal was untimely. The trial court did not exceed its discretion by denying Henshaw's motion brought under rule 60(b) of the Utah Rules of Civil Procedure. The Kings are not entitled to attorney fees under rule 33 of the Utah Rules of Appellate Procedure.

¶ 33 Affirmed.

¶ 34 I CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge.

¶ 35 I CONCUR, EXCEPT THAT AS TO PART II.A, I CONCUR ONLY IN THE RESULT: GREGORY K. ORME, Judge.

---

10. On appeal, Henshaw has not challenged that finding.

11. In a single sentence at the end of each of his briefs on appeal, Henshaw asks for attorney fees on the grounds that he prevailed on the Kings' quiet title claim and that the Kings violated rule 11 of the Utah Rules of Civil Procedure, *see* Utah R. Civ. P. 11. We decline to address this issue because it is inadequately briefed. *See* Utah R.App. P. 24(a)(9); *Spencer v. Pleasant View City,* 2003 UT App 379, ¶ 20, 80 P.3d 546 ("Implicitly, rule 24(a)(9) requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority." (internal quotation marks omitted)).