2015 UT App 67

## THE UTAH COURT OF APPEALS

TIFFANY BEGUM,
Petitioner and Appellant,

*v.*

ANTHONY BEGUM,
Respondent and Appellee.

Memorandum Decision
No. 20130323-CA
Filed March 19, 2015

Third District Court, Salt Lake Department
The Honorable L.A. Dever
No. 084903467

Grant W.P. Morrison and Matthew G. Morrison,
Attorneys for Appellant

Terry R. Spencer, Attorney for Appellee

JUDGE JOHN A. PEARCE authored this Memorandum Decision, in
which JUDGES GREGORY K. ORME and MICHELE M. CHRISTIANSEN
concurred.

PEARCE, Judge:

¶1     Tiffany Begum (Wife) appeals from the district court's
final judgment in the divorce action between herself and
Anthony Begum (Husband). We affirm.

¶2     Husband and Wife married in 1989. Wife petitioned for a
divorce in August 2008. A domestic relations commissioner
issued temporary orders granting physical custody of the
parties' minor children to Wife. The commissioner ordered
Husband to make monthly child support payments of $1,996 and
monthly spousal support payments of $3,600.

¶3      The district court conducted a two-day trial in November and December 2009. After trial, the district court issued findings of fact and conclusions of law awarding Wife physical custody of the minor children. The district court ordered Husband to pay monthly child support of $1,996, monthly alimony of $2,546, and a spousal support arrearage exceeding $30,000. The district court reserved the issue of property division because the parties' two primary assets—a house and a Nevada motel—were subject to a pending bankruptcy proceeding.

¶4      Both parties filed post-decree motions. In June 2010, Husband filed a motion to set aside the divorce decree pursuant to rule 60(b) of the Utah Rules of Civil Procedure. Husband's rule 60(b) motion argued that newly discovered evidence demonstrated that Wife had committed fraud on the court by, among other things, representing that she resided with the minor children in Utah when in fact she spent half her time residing in Nevada without the children.

¶5      The commissioner heard the pending motions and recommended that the district court grant Husband's rule 60(b) motion on the issue of physical custody of the children. The commissioner expressly couched his oral ruling on the rule 60(b) motion in terms of a recommendation, stating, "I will recommend that [the physical custody] provision be set aside." Husband's counsel prepared an order based on the commissioner's recommendation.

¶6      The proposed order stated, "The previously entered Decree of Divorce is set aside so far as it awards [Wife] the custody of the parties' minor children. This issue, along with all related financial support issues, shall be litigated before [the district court]." After amending the order to partially accommodate Wife's objections on an unrelated issue, the commissioner approved the proposed order. The district court signed the order later that same day.

¶7     The district court conducted a second trial on August 16, 2011, at the conclusion of which it took all pending issues under advisement. After trial, Husband purported to place additional evidence before the court by attaching it to documents captioned "Notice of Lodging."[1] Wife objected to these lodgings. The district court scheduled a status hearing for January 3, 2012, but rescheduled it to February 21, 2012, at Wife's request. By this time, Wife had expressed dissatisfaction with her trial counsel and was seeking new representation.

¶8     Wife's trial counsel attended the February 21 hearing, but Wife, who had been informed of the hearing date, did not. At the hearing, the district court reduced Husband's child support obligation to reflect that only one minor child was actually living with Wife. The district court also terminated alimony based on its finding that Husband had presented unrebutted evidence of Wife's cohabitation. *See* Utah Code Ann. § 30-3-5(10) (LexisNexis 2013) (providing that an alimony award "terminates upon establishment by the party paying alimony that the former spouse is cohabitating with another person"). The district court stated on the record that Wife would be allowed to present further evidence if she wished. The district court also granted Wife's counsel leave to withdraw from his representation.

¶9     Husband's counsel drafted a proposed Amended Decree and delivered it both to Wife's trial counsel and to Wife personally. The proposed Amended Decree did not, however, include the district court's invitation to Wife to submit additional evidence. The district court signed the proposed Amended Decree on February 21—the same day as the status hearing.

---

1. Throughout their briefs, the parties refer to these filings as "lodgings." We keep that nomenclature.

¶10     Wife filed a timely notice of appeal from the Amended Decree. Two of her arguments on appeal challenge the district court's 2010 decision to set aside the original divorce decree. Her remaining arguments focus on the district court's handling of the February 21, 2012 status hearing and the resulting Amended Decree. Generally, we review a district court's domestic-relations decisions for abuse of discretion. *See Tobler v. Tobler*, 2014 UT App 239, ¶ 12, 337 P.3d 296 (stating that we review parent-time, child support, alimony, and property division decisions for abuse of discretion); *Trubetzkoy v. Trubetzkoy*, 2009 UT App 77, ¶ 6, 205 P.3d 891 (stating that district courts generally have "considerable discretion" in making child custody determinations). We review the district court's interpretation of court rules for correctness. *See Kartchner v. Kartchner*, 2014 UT App 195, ¶ 13, 334 P.3d 1 ("The trial court's interpretation of the rules of civil procedure presents a question of law which we review for correctness." (citation and internal quotation marks omitted)).

¶11     Wife first argues that, by recommending the district court grant Husband's rule 60(b) motion, the commissioner exceeded his authority by setting aside an existing district court order. Wife further argues that the district court's subsequent acceptance of the commissioner's recommendation did not "rectify the improper delegation of a core function of the district court." We see no error arising from the commissioner's participation in the district court's resolution of Husband's rule 60(b) motion.

¶12     Pursuant to rule 6-401(2)(D) of the Utah Rules of Judicial Administration, domestic relations commissioners are authorized to "[m]ake recommendations to the court regarding any issue, including a recommendation for entry of final

judgment." Utah R. Jud. Admin. 6-401(2)(D).[2] Wife argues that this broad authority is limited by rule 6-401(4)(A), which provides that commissioners "shall not make final adjudications." *Id.* R. 6-401(4)(A). Wife argues that a commissioner's recommendation to modify or set aside an existing court order necessarily conflicts with rule 6-401(4)(A) because, under the Utah Rules of Civil Procedure, "[a] recommendation of a court commissioner is the order of the court until modified by the court." Utah R. Civ. P. 108(a). Wife therefore concludes that in cases where a commissioner's recommendation would modify an existing court order, the commissioner's only permissible course of action is to certify the matter to the district court. *See* Utah R. Jud. Admin. 6-401(3)(B) (requiring commissioners to "[c]ertify those cases directly to the district court that appear to require a hearing before the district court judge").

¶13 We disagree with Wife's reading of the rules. Even when a commissioner's recommendation acts to temporarily modify an existing order, it is not a prohibited "final adjudication[]," because district court action on the matter is still pending. *See id.* R. 6-401(4)(A); *Johnson v. Johnson*, 2007 UT App 113U, para. 3 (per curiam) ("Clearly, the final adjudication in this case was entered by the district court when it denied Wife's objection to the commissioner's recommendation."); *cf. Huish v. Munro*, 2004 UT App 76U, para. 2 (per curiam) ("[T]he commissioner's recommendation is not [an appealable] final order entered by the district court."). Here, the commissioner's recommendation anticipated further district court action, which in fact occurred. We see no conflict between the commissioner's recommendation and rule 6-401(4)(A).

---

2. Wife acknowledges that, at least on its face, this language "appears to allow [commissioners] somewhat unfettered authority" to make recommendations in domestic cases.

¶14    Even if the commissioner had exceeded his authority by making the recommendation, that overreach would not impact the validity of the district court's own order granting Husband's motion for relief under rule 60(b) of the Utah Rules of Civil Procedure. Wife relies on *Holm v. Smilowitz*, 840 P.2d 157 (Utah Ct. App. 1992), for the proposition that a district court may not ratify a commissioner's exercise of judicial power when the district court "did not have the authority to delegate away [its] judicial power to [the commissioner] in the first place." *Id.* at 168. However, the commissioner in *Holm* did much more than issue a recommendation on a rule 60(b) motion. In *Holm*, the commissioner

> exceeded her authority by attempting to exercise ultimate judicial power in: (1) deciding Holm's motion for Utah to assume jurisdiction; (2) informing Holm's attorney that it was her order that [an] Ohio change of custody order be enforced that night; (3) ordering the police to enforce the undomesticated Ohio order; and (4) denying Holm's attorney's request for a hearing before the court with regard to the undomesticated Ohio order.

*Id.* (emphasis omitted).

¶15    Here, the commissioner's recommendation did not usurp judicial authority but rather was an exercise of the authority Utah's court rules provide. *Compare* Utah R. Jud. Admin. 6-401(1) (providing that "[a]ll domestic relations matters," including "petitions to modify divorce decrees . . . and all other applications for relief," may be referred to a commissioner), *with* Utah R. Civ. P. 101(j) (omitting rule 60(b) motions from a list of motions that "shall be [made] to the judge to whom the case is assigned"). The commissioner never purported to exercise the judicial authority to grant Husband's motion. The order the commissioner signed explicitly stated that the commissioner was

approving the order as to form, and the order's signature line was reserved for the district court. Further, unlike in *Holm*, the commissioner did not order police to enforce his recommendation, nor did he suggest that the district court could not rehear the rule 60(b) issue. For these reasons, *Holm* did not preclude the district court from accepting the commissioner's recommendation in this case.

¶16 Wife next argues that the district court's ruling on Husband's rule 60(b) motion was erroneous on its merits. Husband sought rule 60(b) relief based on newly discovered evidence and alleged fraud on the court. Husband alleged that Wife had lied about the amount of time she spent living with the children. Husband also alleged the Wife had hired a hit man to kill him. Wife argues that this was not newly discovered evidence warranting relief from judgment under rule 60(b) because it was either "'discoverable with reasonable diligence prior to the conclusion of trial'" or "'of such suspect credibility as to make a different result on retrial unlikely.'" (Quoting *State v. Pinder*, 2005 UT 15, ¶¶ 65, 70, 114 P.3d 551.) Wife also argues that Husband's new evidence would have been limited to use for impeachment purposes.

¶17 The district court has "broad discretion" in ruling on rule 60(b) motions "because most are equitable in nature, saturated with facts, and call upon judges to apply fundamental principles of fairness that do not easily lend themselves to appellate review." *Fisher v. Bybee*, 2004 UT 92, ¶ 7, 104 P.3d 1198. The outcomes of rule 60(b) motions "are rarely vulnerable to attack." *Id*. Wife has not persuaded us that this is the rare case when the district court's ruling on a rule 60(b) motion must be overturned. The district court disagreed with Wife's arguments that Husband's new evidence was of limited value and credibility and that the evidence could have been uncovered earlier with a little elbow grease. We will not disturb the court's decision to exercise its broad discretion and grant Husband's rule 60(b) motion.

¶18    Wife's remaining arguments challenge various aspects of the February 21, 2012 status hearing and Amended Decree. Wife argues that the district court erred by accepting additional evidence after trial, referring to three lodgings Husband made after the second trial but before the status hearing. She contends that the district court's handling of those lodgings violated rule 43 of the Utah Rules of Civil Procedure, which generally provides for witness testimony at trial to be given orally in open court. *See* Utah R. Civ. P. 43(a) ("In all trials, the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules, the Utah Rules of Evidence, or a statute of this state."). Wife also contends that the district court erred by admitting the "hearsay documents . . . without allowing [Wife] to cross examine as to the documents."

¶19    The district court has "broad discretion to admit or exclude evidence," *Malloy v. Malloy*, 2012 UT App 294, ¶ 7, 288 P.3d 597 (citation and internal quotation marks omitted), and "to manage the cases before it," *Tobler v. Tobler*, 2014 UT App 239, ¶ 12, 337 P.3d 296. We are not persuaded by Wife's argument that rule 43(a), which governs "the testimony of witnesses" at trial, constitutes a blanket limitation on the court's discretion to allow post-trial supplementation of the evidence in appropriate circumstances. Rather, it is Wife's burden on appeal to demonstrate both error and prejudice resulting from the district court's consideration of the particular evidence contained in Husband's lodgings. *See R.B. v. L.B.*, 2014 UT App 270, ¶ 39, 339 P.3d 137.

¶20    Wife does not fully develop her arguments, but we are sympathetic to her assertions that Husband's lodgings may have contained inadmissible hearsay, that the lodgings implicated Wife's right to conduct cross-examination, and that the district court therefore erred in considering them. However, to obtain relief on appeal, Wife must show "a reasonable likelihood that a different result would have been reached absent the [alleged] error." *Id.* (citation and internal quotation marks omitted).

¶21　The Amended Decree made two substantive changes to the original decree: it terminated Wife's alimony based on a finding that she was cohabiting, and it reduced Husband's child support obligation based on a finding that only one minor child continued to reside with Wife. Wife makes no effort to demonstrate how Husband's post-trial lodgings altered the evidentiary picture on those issues. Wife's obligation to explain the effect of Husband's lodgings assumes greater importance because the district court had yet to rule on the issues presented at the August 2011 trial. Wife, in essence, asks this court to independently review the evidence presented at trial, compare it to the lodgings, and conclude that the lodgings must have led the district court to a different result than would have been reached without them. It is Wife's responsibility, not this court's, to develop and present arguments. Wife has not demonstrated that Husband's lodgings had any effect on the district court's ultimate ruling that Wife had been cohabiting and that only one minor child remained in her care, and she has therefore not established the prejudice that she must show in order to obtain relief on appeal.

¶22　Finally, Wife argues that the district court's Amended Decree violated rule 7(f)(2) of the Utah Rules of Civil Procedure in two different ways. She argues that the district court erred when it signed the Amended Decree without awaiting the expiration of the circulation and objection period rule 7(f)(2) requires. *See* Utah R. Civ. P. 7(f)(2) (outlining the service and objection-period requirements for orders prepared by prevailing parties). She also argues that the Amended Decree was not in "conformity" with the district court's oral rulings, because it did not indicate that Wife could present further evidence on the cohabitation issue. *See id.* (requiring certain prevailing parties to prepare "a proposed order in conformity with the court's decision").

¶23　Rule 7(f)(2) does not limit the district court's discretion to enter judgments and orders. *See Henshaw v. Estate of King*, 2007

UT App 378, ¶ 25, 173 P.3d 876. "To the contrary, Utah case law indicates that the rules pertaining to the entry of proposed judgments and orders are binding only on the litigants and not on the trial court." *Id.* In particular, rule 7(f)(2) "places no restrictions on when a trial court may sign a proposed judgment or order." *Id.* Because rule 7(f)(2) governs the actions of litigants and not those of the district court, the district court's election to execute the Amended Decree on the same day as the status hearing does not violate the requirements of that rule.

¶24 Although the district court is not directly bound by rule 7(f)(2), the failure to allow an adequate objection period can constitute an abuse of discretion. *See Midland Funding LLC v. Sotolongo*, 2014 UT App 95, ¶¶ 36–39, 325 P.3d 871. Here, however, Wife does not argue that the district court's execution of the Amended Decree without allowing an objection period was an abuse of discretion independent of the alleged violation of rule 7(f)(2). As Wife has not raised this issue on appeal, we will not consider it. *See Allen v. Friel*, 2008 UT 56, ¶ 7, 194 P.3d 903.

¶25 Wife suggests that the district court violated her due process rights by failing to indicate in the Amended Decree that she could submit additional evidence. However, Wife was represented by counsel at the status hearing where the ruling was announced, and she was therefore charged with notice of it. *See Von Hake v. Thomas*, 858 P.2d 193, 194 n.3 (Utah Ct. App. 1993) ("[A]n attorney is the agent of the client and knowledge of any material fact possessed by the attorney is imputed to the client."), *cert. granted*, 868 P.2d 95 (Utah 1993), *remanded to* 881 P.2d 895 (Utah Ct. App. 1994); *cf. D'Aston v. D'Aston*, 790 P.2d 590, 592 (Utah Ct. App. 1990) (stating that where a party has initially been served in a case and has appeared by counsel, service of an order to show cause on the party's attorney is sufficient).

¶26   Further, upon her discovery of the district court's offer to hear additional evidence from her, Wife appears to have made no attempt to take the district court up on that offer. Nor has Wife explained what evidence she was allegedly precluded from presenting or how it would have made a difference. *Cf. Salt Lake City v. Almansor*, 2014 UT App 88, ¶ 11, 325 P.3d 847 (explaining that to demonstrate that the failure to allow an opportunity to present additional evidence was harmful, an appellant must address the anticipated content of that evidence and demonstrate how it would have supported her position); *Lucas v. Murray City Civil Serv. Comm'n*, 949 P.2d 746, 755 (Utah Ct. App. 1997) (stating that in order to establish a due process violation, an employee must explain how the alleged "procedural errors were harmful"). Under these circumstances, Wife has not established a due process violation that would warrant disturbing the Amended Decree. *Cf. Nelson v. Jacobsen*, 669 P.2d 1207, 1213 (Utah 1983) ("[T]he demands of due process rest on the concept of basic fairness of procedure and demand a procedure appropriate to the case and just to the parties involved." (citation and internal quotation marks omitted)).

¶27   Wife has not demonstrated any legal error or abuse of discretion by either the commissioner or the district court. We therefore affirm the Amended Decree. We grant Husband's request for attorney fees on appeal because he was awarded such fees below and has prevailed on appeal. *See Dahl v. Dahl*, 2015 UT 23, ¶ 209 ("Generally, when the trial court awards fees in a domestic action to the party who then substantially prevails on appeal, fees will also be awarded to that party on appeal." (citation and internal quotation marks omitted)). We remand this matter for the district court to determine the amount of that fee award.

————