MICHAEL W. HELLER *et al.*, Plaintiffs-Appellees, v. CLIFFORD G. LEE, JR., *et al.*, Defendants-Appellants.

Third District   No. 3—84—0410

Opinion filed February 5, 1985.

Clem & Triggs, of Peoria, for appellants.

Michael W. Heller, of Peoria, for appellees, *pro se.*

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

On August 16, 1982, the circuit court of Peoria County entered a $44,281.85 judgment in favor of the plaintiffs. The defendants appealed and we affirmed. After leave to appeal was denied by our supreme court, the trial court granted the plaintiffs' motion to release bond on appeal. The bond consisted of a deed to real property and a $15,000 certificate of deposit. The plaintiffs applied the certificate of deposit against the judgment and instituted garnishment proceedings against the defendants to recover the deficiency. Pursuant to section 12—183(g) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 12—183(g)), the defendants filed an original and amended petition for release from judgment and for return of excess bond. The defendants appeal the dismissal with prejudice of their amended petition.

Section 12—183 supplants the former writ of *audita querela* and allows a judgment debtor to obtain a release upon a showing that the judgment has been satisfied. The plaintiffs argue that the defendants' section 12—183 petition was properly dismissed because it did not plead facts sufficient to show that the judgment was satisfied.

Generally, the only way in which a money judgment can be satisfied is by payment in money unless the parties agree otherwise. (*ADA Enterprises Inc. v. Thompson* (1965), 26 Wis. 2d 269, 132 N.W.2d 244; 47 Am. Jur. 2d *Judgments* sec. 985 (1969).) Since the defendants rely primarily upon a transfer of real property rather than cash as satisfaction of the judgment, they must plead facts sufficient to show that the plaintiffs agreed to accept real estate in lieu of cash.

The defendants' petition alleges that the appeal bond, consisting of the certificate of deposit and real property appraised at $50,000, was sufficient to satisfy the judgment. The defendants expected that the plaintiffs would accept the release of bond in satisfaction of the judgment. The plaintiffs allegedly took title to the property instead of exercising their option to compel a sheriff's sale. Finally, the defendants stated that the plaintiffs never indicated that release of the appeal bond would not satisfy the judgment.

The defendants have alleged only that they expected the property transfer to satisfy the judgment. They have failed to allege facts which show that the plaintiffs shared that expectation. The appraised value of the property is speculative and irrelevant unless the defendants show that the plaintiffs agreed to accept the property at its appraised value instead of cash. The fact that the plaintiffs never indicated that the

property transfer would not satisfy the judgment proves nothing. Similarly, the fact that the plaintiffs elected to petition for release of property instead of compelling a sheriff's sale is not evidence of an agreement to accept the property in satisfaction of the judgment. The plaintiffs were entitled to petition for release of the appeal bond in order to obtain partial cash payment via the certificate of deposit. The plaintiffs did not give up the right to recover the rest of the judgment in cash.

■ We find that the defendants' petition fails to allege facts sufficient to show satisfaction of the judgment in cash or an agreement to transfer property in lieu of cash. Therefore, the defendants had no cause of action under section 12—183 and their petition was properly dismissed. Although the petition was technically deficient under section 12—183, for reasons which follow, we find that the defendants are entitled to equitable relief.

The plaintiffs contend that they took the property as security for eventual cash payment of the judgment. We agree. But, as matters now stand, the plaintiffs can sit on the property indefinitely and institute supplemental proceedings to recover the rest of the judgment. Thus, the plaintiffs have the use and enjoyment of a valuable piece of property, while the defendants, who put the property up as bond expecting it to satisfy the judgment, are not only deprived of the property, but may also be compelled to dig even deeper in order to pay the judgment. Such a result is inequitable. The plaintiffs have received a windfall at the defendants' expense. If, as the plaintiffs contend, the transfer of the real estate was intended to secure the judgment, then by taking the deed the plaintiffs acquired only a lien. Rather than proceed against the defendants to recover the judgment, the equitable solution is for the plaintiffs to foreclose on their lien by selling the property.

We are guided in this result by the maxim that equity regards as done that which ought to be done. The parties intended the property to secure the judgment. Therefore, the property should be used to satisfy the judgment.

Although the defendants' petition was properly dismissed for failure to state a cause of action under section 12—183, the petition is sufficient to state a claim for equitable relief. The cause is remanded, and the trial court is directed to sell the property, apply the proceeds to the judgment, and remit the excess, if any, to the defendants.

Affirmed and remanded with directions.

SCOTT and STOUDER, JJ., concur.