IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Murray Towers, LLC; and Brad Olsen, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiffs and Appellants, | ) | Case No. 20110049-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Bjorn T. Bang aka Bill Bang and Lakeline | ) | (June 14, 2012) |
| Development, LC, | ) | |
| | ) | 2012 UT App 170 |
| Defendants and Appellees. | ) | |

-----

Third District, West Jordan Department, 070401854
The Honorable Mark S. Kouris

Attorneys:    Zachary E. Peterson and Paul P. Burghardt, Salt Lake City, for
              Appellants
              Rod N. Andreason, Salt Lake City, for Appellees

-----

Before Judges Voros, Orme, and Thorne.

VOROS, Associate Presiding Judge:

¶1    The question on appeal is whether the trial court abused its discretion in ruling that judgment debtors satisfied a money judgment when they obtained the release of the trust deed giving rise to the judgment in the first place. The judgment creditors contend on appeal that release of the trust deed does not as a matter of law impair their right to collect $130,000 from the judgment debtors. We affirm.[1]

---

[1]We have determined that "the decisional process would not be significantly aided by oral argument." Utah R. App. P. 29(a)(3).

¶2    Murray Towers, LLC, is a member-managed limited liability company with two members—Brad Olsen and Lakeline Development, LC—each holding a 50% interest. Bjorn T. Bang is a member of Lakeline. Murray Towers' principal asset is a piece of Salt Lake City real estate (the Property). In August 2004, Lakeline borrowed $130,000 from a third party lender. Bang secured the loan with a trust deed on the Property. Bang used the loan proceeds to buy a home in his wife's name.

¶3    Plaintiffs Murray Towers and Olsen successfully sued Defendants Lakeline and Bang for breach of fiduciary duty. The harm alleged was the encumbrance on the Property. The trial court awarded judgment for $130,000—the amount of the debt secured by the encumbrance—plus attorney fees and related costs.[2]

¶4    Defendants stipulated to a charging order and an order of foreclosure against their interest in Lakeline; Plaintiffs scheduled a sheriff's sale. Before the date of the sheriff's sale, Defendants induced the third party lender to release the trust deed, delivered to Plaintiffs a cashier's check for the difference between $130,000 and the total judgment amount, and moved to stay the sheriff's sale on the ground that the judgment had been satisfied.

¶5    Defendants asserted that because the basis for Plaintiffs' $130,000 damage claim—the trust deed encumbering the Property—had been removed, permitting Plaintiffs in addition to recover the $130,000 judgment amount would amount to a double recovery. They also charged that what Plaintiffs "actually seek is a hostile takeover of Murray Towers by using the Judgment as a vehicle to seize that company." Plaintiffs responded that they had sought and won a money judgment and that they had "not agreed to accept any alternative form of payment under the Judgment." Defendants' actions, they argued, "placed Plaintiffs in the position of having to litigate what is essentially an offset claim for unjust enrichment by presenting evidence to the [c]ourt of amounts th[ey] paid towards the substituted performance." The trial court ruled that Defendants were entitled to an offset of $130,000 against the judgment. The court described this result as an equitable resolution that would meet the needs of the Plaintiffs—"admittedly not in the way the [c]ourt prescribed them to be met, but nonetheless . . . met."

---

[2]Bang thus appears to have been left owing $130,000 to Plaintiffs as well as $130,000 to the third party lender.

¶6     "The court in which the judgment was first entered may, upon motion and satisfactory proof, enter an order declaring the judgment satisfied." Utah R. Civ. P. 58B(b). In addition, under Utah Rule of Civil Procedure 60(b), the court may "in the furtherance of justice" relieve a party from a final judgment if "the judgment has been satisfied . . . or it is no longer equitable that the judgment should have prospective application." Utah R. Civ. P. 60(b)(5). "We grant broad discretion to trial court[s'] rule 60(b) rulings because most are equitable in nature, saturated with facts, and call upon judges to apply fundamental principles of fairness that do not easily lend themselves to appellate review." *Fisher v. Bybee*, 2004 UT 92, ¶ 7, 104 P.3d 1198 ("The outcome of rule 60(b) motions [for relief from judgment] are rarely vulnerable to attack."). We review a trial court's determination of whether a party has shown grounds for relief from judgment for abuse of discretion. *See Lange v. Eby*, 2006 UT App 118, ¶ 6, 133 P.3d 451.[3]

¶7     The trial court did not exceed the limits of its discretion here. Plaintiffs are correct that generally a money judgment must be satisfied by payment in money, unless the parties agree otherwise. *See Heller v. Lee*, 474 N.E.2d 856, 857 (Ill. App. Ct. 1985); *Norwest Bank Nebraska, N.A. v. Philips Realty Co.*, 594 N.W.2d 3, 9 (Iowa 1999); *ADA Enters. Inc. v. Thompson*, 132 N.W.2d 244, 248 (Wis. 1965); 47 Am. Jur. 2d *Judgments* § 816 (2012). And these parties did not agree otherwise. Nevertheless, on these facts, the trial court properly considered the nature of the underlying judgment. The basis of Plaintiffs' claim was a $130,000 diminution of the value of their equity in the Property because of the trust deed. After judgment was entered, Defendants obtained, albeit belatedly, a release of that trust deed. Consequently, permitting Plaintiffs both to enjoy a $130,000 restoration to the value of their equity in the Property and to recover $130,000 from Defendants would be inequitable. The trial court thus awarded Defendants credit of $130,000 against the judgment. Doing so was not an abuse of the court's broad discretion. On the contrary, it seems both logical and fundamentally fair.

---

[3]Although the trial court did not rely on rule 60(b) in its ruling, Defendants rely on it as an alternative ground for affirmance. *See Olsen v. Chase*, 2011 UT App 181, ¶ 19, 270 P.3d 538 ("An appellate court may affirm the judgment appealed from if it is sustainable on any legal ground or theory apparent on the record." (citing *Bailey v. Bayles*, 2002 UT 58, ¶ 13, 52 P.3d 1158) (internal quotation marks and brackets omitted)). Plaintiffs respond that Defendant's reliance on rule 60(b) is unavailing because "the trial court erred in concluding that defendants demonstrated that the judgment had been satisfied under rule 60(b)." As explained in the text of this decision, we see no error in the trial court's ruling.

¶8      This is not a case where a judgment debtor is attempting to foist on the judgment creditor partnership interests whose "values [are] speculative at best," *see Norwest Bank,* 594 N.W.2d at 9, or unrelated real property of speculative value, *see Heller,* 474 N.E.2d at 857–58, or property repair work subject to questions of adequacy that would likely "reopen . . . the controversy," *see ADA Enters.,* 132 N.W.2d at 249. Here, the Plaintiffs have not shown that release of the encumbrance placed them in any different position than they would have been had Defendants never encumbered the Property in the first place.[4] They did not allege, for example, that they missed a lucrative investment opportunity because Defendants' trust deed prevented them from borrowing against the Property. Had they done so, we would view, and we believe the trial court would have viewed, Plaintiffs' insistence that the judgment be satisfied only by the payment of money in a different light.

¶9      Affirmed.

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

-----

¶10      WE CONCUR:

_____
Gregory K. Orme, Judge

_____
William A. Thorne Jr., Judge

---

[4]This is not quite true. After entry of judgment, Defendants stopped making payments on the third-party debt, and Plaintiffs were forced to incur additional costs to prevent a default. However, the trial court ordered Defendants to repay—in money, presumably—these amounts.