IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Rhonda H. Malloy, an individual; | ) | MEMORANDUM DECISION |
| Rhonda H. Malloy, personal | ) | |
| representative of the Estate of Dan | ) | Case No. 20110704-CA |
| Malloy (deceased), | ) | |
| | ) | |
| Plaintiff and Appellant, | ) | F I L E D |
| | ) | (October 18, 2012) |
| v. | ) | |
| | ) | 2012 UT App 294 |
| Mary Beth Malloy, | ) | |
| | ) | |
| Defendant and Appellee. | ) | |

-----

Second District, Ogden Department, 100904217
The Honorable Ernest W. Jones

Attorneys:      Jason C. Hunter and John V. Mayer, Salt Lake City, for Appellant
                Jonathan Bachison, Ogden, for Appellee

-----

Before Judges Thorne, McHugh, and Christiansen.

THORNE, Judge:

¶1      Rhonda H. Malloy (Plaintiff) appeals from the district court's Order Granting
Summary Judgment, which dismissed Plaintiff's claim to the proceeds from a life
insurance policy insuring her deceased husband, Dan Malloy (Husband).  We affirm the
district court's order.

¶2    Husband married appellee Mary Beth Malloy (Defendant) in July 1989.[1]  In August 1989, Husband purchased a $50,000 Federal Employees' Group Life Insurance (FEGLI) policy through his federal employer.  At that time, Husband executed a FEGLI Life Insurance Election form (the election form), as well as a Designation of Beneficiary form (the beneficiary form) naming Defendant as the policy's sole beneficiary.[2]  In April 2004, Husband and Defendant divorced, but Husband did not change or cancel his designation of Defendant as the beneficiary of his FEGLI policy.

¶3    In June 2006, Husband married Plaintiff.  A little over three years later, on September 1, 2009, Husband died.  Husband did not change or cancel his 1989 designation of Defendant as the policy's beneficiary prior to his death, and FEGLI paid the $50,000 policy benefit to Defendant pursuant to the beneficiary form.  Plaintiff sued Defendant, asserting several causes of action in an attempt to recover the insurance proceeds from Defendant.

¶4    At issue in this appeal is Plaintiff's claim that, pursuant to Utah Code section 75-2-804, Husband's divorce from Defendant automatically revoked his designation of Defendant as the beneficiary of the FEGLI policy.[3]  Section 75-2-804(2) states, in relevant part, "Except as provided by the express terms of a governing instrument, . . . the divorce or annulment of a marriage . . . revokes any revocable . . . disposition or

---

[1]The record does not indicate whether this marriage, or Husband's subsequent marriage to Plaintiff, produced any children.

[2]The record contains a copy of Husband's actual beneficiary form, signed by Husband and dated August 24, 1989.  Neither party submitted a copy of Husband's actual election form.  However, Defendant submitted a blank FEGLI Life Insurance Election form, last revised June 2000, along with affidavit evidence stating that Husband would have signed an election form and detailing Defendant's counsel's efforts to determine that the 2000 form was substantively similar to the one that Husband actually signed in 1989.  Plaintiff did not challenge the district court's use of the June 2000 form below, and she raises no argument on appeal that the June 2000 form is not representative of the document that Husband signed in 1989.

[3]Plaintiff's other causes of action, alleging breach of contract and claims arising from Husband and Defendant's divorce decree, are not at issue in this appeal.

appointment of property made by a divorced individual to his former spouse in a governing instrument . . . ." Utah Code Ann. § 75-2-804(2) (Supp. 2012).[4] In opposition to Plaintiff's motion for summary judgment on this claim, Defendant provided the district court with a copy of a FEGLI insurance manual that stated, "A divorce does not invalidate a designation that names your former spouse as beneficiary. You need to complete a new [Designation of Beneficiary] to remove a former spouse." *See* U.S. Office of Personnel Mgmt., Federal Employees' Group Life Insurance (FEGLI) Program Handbook 160 (2008), *available at* http://www.opm.gov/insure/life/fegli/handbook.asp (last visited Oct. 15, 2012).

¶5      The district court granted summary judgment to Defendant. In its Memorandum Decision, the district court determined that the "governing instrument" of Husband's FEGLI policy was "the insurance policy and insurance manual, which is incorporated by reference in the election form." The district court further determined that the insurance manual "says that divorce does not invalidate the designation of the beneficiary" and that this language is "contrary to the general rule in [Utah Code section 75-2-804], which states that divorce does revoke the designation of beneficiary." Therefore, utilizing the statute's "express terms" exception, the district court determined that section 75-2-804 did not revoke Husband's designation of Defendant because the express terms of the governing instrument provided for a different result. In light of this determination, the district court entered summary judgment in favor of Defendant.

¶6      On appeal, Plaintiff raises several issues challenging the district court's entry of summary judgment. Plaintiff argues that the insurance manual relied on by the district court lacked foundation and was not properly authenticated, that the insurance manual did not constitute a "governing instrument" for purposes of Utah Code section 75-2-804, and that the actual governing instruments of Husband's FEGLI policy contain no express language providing that the designation of Defendant as beneficiary would not be revoked upon Husband and Defendant's divorce.

---

[4]The statutes cited in this opinion have not been amended in any relevant way since Husband's 2004 divorce, and we cite to the current version of the Utah Code as a convenience to the reader.

¶7     In regard to Plaintiff's challenge to the foundation and authentication of the insurance manual, the district court has "'broad discretion to admit or exclude evidence and [we] will disturb its ruling only for abuse of discretion.'" *State v. Gallup*, 2011 UT App 422, ¶ 12, 267 P.3d 289 (quoting *Daniels v. Gamma W. Brachytherapy, LLC*, 2009 UT 66, ¶ 32, 221 P.3d 256).  On appeal, Plaintiff argues that there was "no supporting affidavit or other appropriate evidence demonstrating the reliability of [the insurance manual]."  However, as the insurance manual is a government publication, no such supporting evidence is required to establish its authenticity.  *See* Utah R. Evid. 902(5) ("The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:  . . . Books, pamphlet[s], or other publication[s] purporting to be issued by public authority.").  We see no abuse of discretion in the district court's determination that the insurance manual was authentic, particularly in light of its current publication on the United States Office of Personnel Management's FEGLI website.  *See* http://www.opm.gov/insure/life/fegli/handbook.asp (last visited Oct. 15, 2012).

¶8     Plaintiff also argues that there is no competent evidence that the insurance manual in its current iteration was in effect when Husband signed his FEGLI documents in 1989.[5]  Defendant submitted an affidavit from her counsel to the district court, listing counsel's efforts to establish the provenance of the insurance manual by contacting various FEGLI offices and consulting the FEGLI website.  On appeal, Plaintiff challenges the affidavit as hearsay because it contained "verbal assurances from third parties" regarding the insurance manual.  *See generally* Utah R. Evid. 802 ("Hearsay is not admissible except as provided by law or by these rules.").

¶9     Plaintiff fails to acknowledge that the third parties identified in the affidavit were federal employees who had made statements to Defendant's counsel in their role as federal employees.  Such statements appear to fall into an exception to the hearsay rule for "statements . . . in any form, of public offices or agencies, setting forth . . . the

---

[5]For purposes of this argument only, we accept Plaintiff's implicit assertion that section 75-2-804's requirement that governing instruments be "executed" is synonymous with a requirement that such instruments be "signed."  *See generally* Utah Code Ann. § 75-2-804(1)(d) (Supp. 2012) ("'Governing instrument' means a governing instrument executed by the divorced individual before the divorce or annulment of his marriage to his former spouse.").

activities of the office or agency." *See id.* R. 803(8); *see also In re W.S.*, 939 P.2d 196, 201 (Utah Ct. App. 1997) ("Because the information relied upon in the pre-disposition report came from government employees pursuant to their employment duties . . . , the report was properly admitted pursuant to Rule 803(8)."). Plaintiff has raised no argument that the statements contained in Defendant's counsel's affidavit do not fall within rule 803(8)'s exception to the hearsay rule. Accordingly, we assume that the district court properly considered the affidavit in making its decision that the insurance manual had adequate foundation.[6]

¶10    Plaintiff next argues that the district court erred in concluding that the insurance manual was a "governing instrument" for purposes of Utah Code section 75-2-804. The Utah Uniform Probate Code's general definition of a governing instrument includes insurance policies. *See* Utah Code Ann. § 75-1-201(19) (Supp. 2012) (defining "governing instrument"). Utah Code section 75-2-804 further defines a governing instrument as "a governing instrument executed by the divorced individual before the divorce or annulment of his marriage to his former spouse." *Id.* § 75-2-804(1)(d). Plaintiff argues that the insurance manual is not a governing instrument because it is merely an administrative agency's interpretation of the actual FEGLI policy and because Husband never "executed" the insurance manual.

¶11    However, the district court determined that the insurance manual was "incorporated by reference" into Husband's election form. *See generally Peterson & Simpson v. IHC Health Servs., Inc.*, 2009 UT 54, ¶ 15, 217 P.3d 716 (discussing incorporation by reference). The election form stated, under the heading Instructions for Employees, "For further information, consult the FEGLI Handbook (RI 76-26) or the FEGLI Booklet (RI 76-21 . . .)."[7] Plaintiff does not challenge the district court's

---

[6]Plaintiff raises no argument that the statements in the affidavit, if admissible, are not sufficient to demonstrate adequate foundation for the insurance manual. To the extent that Plaintiff's briefing suggests that the 1989 version of the insurance manual may not have contained the same divorce provision as the current version, we note that Plaintiff presented no evidence to the district court of any relevant change to the insurance manual between 1989 and the present.

[7]The record contains only photocopies of five pages of the election form, which

(continued...)

determination that this language incorporated the FEGLI Handbook—the insurance manual—into Husband's election form. In the absence of an adequately briefed argument that a district court's ruling is in error, we will not disturb that ruling. *See* Utah R. App. P. 24(a)(9) ("The argument shall contain the contentions and reasons of the appellant with respect to the issues presented, . . . with citations to the authorities, statutes, and parts of the record relied on."); *Bolliger v. Bolliger*, 2000 UT App 47, ¶ 27, 997 P.2d 903 ("Because respondent does not challenge those findings on appeal, we do not disturb the trial court's award to petitioner.").

¶12    There is no dispute that Husband signed, and thereby executed, his election form in 1989, well prior to his divorce from Defendant. Accepting the district court's determination that the insurance manual was incorporated by reference into that form, the insurance manual constitutes "a governing instrument executed by the divorced individual before the divorce or annulment of his marriage to his former spouse," *see* Utah Code Ann. § 75-2-804(1)(d). Further, the insurance manual's provision that "divorce does not invalidate a designation that names your former spouse as beneficiary" clearly satisfies section 75-2-804's exception for "the express terms of a governing instrument." *See id.* § 75-2-804(2); *see also Buchholz v. Storsve*, 2007 SD 101, ¶ 15, 740 N.W.2d 107 (stating, in interpreting identical statutory provision, "We hereby interpret the statute to require that the governing instrument contain express terms referring to divorce, specifically stating that the beneficiary will remain as the designated beneficiary despite divorce"). In light of the express terms of the insurance manual, its incorporation into Husband's signed election form, and the "express terms" exception of section 75-2-804, the district court properly determined that Husband and Defendant's divorce did not revoke Husband's designation of Defendant as the beneficiary of his FEGLI policy.[8]

---

[7](...continued)
may or may not represent the complete form. We note that the election form represented in the record does not contain the terms of the policy and apparently relied on the referenced manuals to explain those terms to Husband.

[8]Because we affirm the district court's application of the Utah statutory exception for the express terms of a governing instrument, we do not reach Defendant's argument that federal law preempts the revocation provisions of section 75-2-804(2) or Plaintiff's

(continued...)

¶13    For the reasons expressed above, we conclude that Plaintiff has not demonstrated any error in the district court's consideration of the evidence or its ultimate summary judgment ruling.  Accordingly, we affirm the district court's judgment in favor of Defendant.

_____
William A. Thorne Jr., Judge

-----

¶14    WE CONCUR:

_____
Carolyn B. McHugh, Judge

_____
Michele M. Christiansen, Judge

---

[8](...continued)
argument that section 75-2-804(8)(b) creates a private state-law cause of action in the event of federal preemption.  While we do not address these issues, we do note a recent decision in which a court determined that federal law governing FEGLI policies preempted both the revocation provision and the private cause of action provision of a Virginia statute similar to Utah's section 75-2-804. *See generally Maretta v. Hillman*, 722 S.E.2d 32 (Va. 2012).