2014 UT App 95

**MIDLAND FUNDING LLC,**
**Plaintiff and Appellee,**

v.

**Daniel SOTOLONGO, Defendant, Third-party Plaintiff, and Appellant,**

v.

**Johnson Mark, LLC; Brad J. Clark; Jacob H.B. Franklin; and William A. Mark, Third-party Defendants and Appellees.**

**No. 20120381–CA.**

Court of Appeals of Utah.

April 24, 2014.

---

Brian W. Steffensen, Salt Lake City, for Appellant.

S. Grace Acosta and Jonathan H. Rupp, Salt Lake City, for Appellees. Johnson Mark, LLC, Draper; Brad J. Clark; Jacob H.B. Franklin, Draper; and William A. Mark, Salt Lake City, Christopher J. Rogers, Draper, for Appellee Midland Funding LLC.

Judge MICHELE M. CHRISTIANSEN authored this Opinion, in which Judges J. FREDERIC VOROS JR. and STEPHEN L. ROTH concurred.

CHRISTIANSEN, Judge:

¶ 1 Daniel Sotolongo appeals from the district court's ruling granting summary judgment in favor of Midland Funding LLC (Midland) and its attorneys on a breach of contract claim brought by Midland and multiple consumer-law claims brought by Sotolongo. We affirm in part, vacate in part, and remand to the district court.

## BACKGROUND

¶ 2 This case arises from Midland's attempts to collect a credit card debt. On September 22, 2010, Midland filed a debt-collection complaint against Sotolongo alleging breach of a credit contract and seeking the amount owed on the credit account plus interest and attorney fees as provided for in the contract. By way of response, on October 14, Sotolongo filed a letter pro se with the district court. In that letter, Sotolongo denied that he owed the debt and made various demands on Midland for information relating to the credit account.[1] On October 20, Midland filed a default certificate with the district court because Sotolongo's time to file an answer had expired. The district court denied Midland's request for a default, treating Sotolongo's letter as an answer to Midland's complaint. On that date, Midland also filed a certificate of service for a set of discovery requests it had mailed to Sotolongo on October 19.

¶ 3 Sotolongo failed to timely respond to Midland's discovery requests and did not request a protective order from the district court prior to the expiration of his time to respond to the requests. On December 1, 2010, Sotolongo filed a letter asking the district court to order that he not be required to respond to discovery until Midland responded to the demands in his October 14 letter. Sotolongo did not submit that request for decision, and the district court did not issue an order excusing Sotolongo from responding to Midland's discovery requests. On December 23, 2010, Midland moved for summary judgment on the basis of Sotolongo's failure to deny Midland's requests for admission that, if deemed admitted, established the essential elements of Midland's breach of contract claim.

¶ 4 On February 14, 2011, counsel for Sotolongo entered an appearance with the district court and requested leave to amend Sotolongo's pro se answer. On March 28, in light of Sotolongo's prior lack of representation, the district court denied Midland's motion for summary judgment and allowed Sotolongo ten days to amend his answer, respond to Midland's discovery requests, and prepare discovery requests of his own. Sotolongo's amended answer added Midland's counsel—Johnson Mark, LLC and attorneys Brad J. Clark, Jacob H.B. Franklin, and William A. Mark (collectively, Johnson Mark)—as third-party defendants, alleging various violations of the Fair Debt Collection Practices Act (FDCPA) and the Utah Consumer Sales Practices Act (UCSPA) against Johnson Mark (the Consumer Claims).

¶ 5 On July 13, 2011, Midland filed a second motion for summary judgment on its breach of contract claim. Sotolongo filed three motions for an enlargement of time to respond, the latest of which provided for a due date of September 2, 2011. Sotolongo did not file a timely opposition to Midland's motion. On August 29, he filed his own motion for summary judgment on the Consumer Claims. That motion was accompanied by a "sworn verification" by Sotolongo of the factual assertions made in the supporting memorandum. Johnson Mark filed a cross-motion for summary judgment on the Consumer Claims, and Sotolongo filed an opposition and reply memorandum in support of his own motion on those claims. On October 16, Sotolongo filed a "supplemental memorandum" in opposition to Midland's motion for summary judgment on its breach of contract claim. Midland filed an objection and motion to strike the memorandum as untimely and filed without leave of court.

¶ 6 A hearing on all pending motions was held on February 16, 2012. After the hearing, Sotolongo filed a "post hearing memorandum and motion to amend to conform to the evidence." Johnson Mark moved to strike the memorandum as filed without leave of court. In its March 19 Ruling and

---

1. Sotolongo incorrectly identified the plaintiff as "Portfolio" in his letter.

Order on the parties' outstanding motions, the district court granted Midland's motions to strike Sotolongo's supplemental memorandum and posthearing memorandum, concluding that Sotolongo's memoranda were filed without leave of the court and could not be considered in deciding the remaining issues. The district court granted Midland's motion for summary judgment on the breach of contract claim, explaining that Sotolongo's motion for summary judgment on the Consumer Claims did not address the factual assertions and issues raised by Midland's motion and therefore had not adequately opposed it. The court also granted Johnson Mark's motion for summary judgment on the Consumer Claims on the merits and denied Sotolongo's motion for summary judgment on those claims.

¶ 7 The district court then directed Midland to prepare an affidavit of attorney fees, which Midland submitted on April 9, 2012. The district court entered judgment awarding Midland attorney fees on April 11. Thereafter, Sotolongo filed a rule 60(b) motion asking the district court to set aside the judgment, arguing both that attorney fees were not authorized and that the district court's ruling was premature because Sotolongo was entitled to five days to respond to Midland's affidavit of attorney fees. Sotolongo also argued that the district court had erred in granting summary judgment and requested that the district court set aside its summary judgment ruling. The district court denied Sotolongo's motion. Sotolongo then timely appealed from the district court's April 11 judgment.

## ISSUES AND STANDARDS OF REVIEW

¶ 8 Sotolongo first challenges the district court's grant of Midland's motion to strike his supplemental memorandum. "Motions to strike pleadings or parts thereof are addressed to the judgment and discretion of the trial court." *Francis v. State*, 2013 UT 65, ¶ 19, 321 P.3d 1089 (citation and internal quotation marks omitted). We review a district court's ruling on a motion to strike a pleading for an abuse of that discretion. *Id.*

¶ 9 Sotolongo next argues that the district court erred in granting Midland's and John-

son Mark's motions for summary judgment and denying his own motion for summary judgment. "[W]e review a district court's grant of summary judgment for correctness, considering only whether the trial court correctly applied the law and correctly concluded that no disputed issues of material fact existed." *Id.* (citation and internal quotation marks omitted).

¶ 10 Last, Sotolongo argues that the district court erred in awarding attorney fees to Midland prior to the expiration of his time to object to the order awarding those fees. Where proceedings are governed by an established rule of procedure, we review the district court's interpretation and application of the rule for correctness. *Edwards v. Powder Mountain Water & Sewer*, 2009 UT App 185, ¶ 14, 214 P.3d 120. However, where no rule of procedure limits the district court's authority, we must determine whether the district court's actions fall within its "broad discretion in managing the cases assigned" to it. *See Posner v. Equity Title Ins. Agency, Inc.*, 2009 UT App 347, ¶ 23, 222 P.3d 775 (citation and internal quotation marks omitted).

## ANALYSIS

I. The District Court Did Not Abuse Its Discretion in Striking Sotolongo's Memorandum.

¶ 11 Sotolongo argues that the district court abused its discretion in striking his supplemental memorandum because the district court did not also strike a memorandum that Sotolongo maintains Midland filed late. When reviewing a district court's exercise of its discretion, we will reverse only if there is no reasonable basis for the district court's decision. *Langeland v. Monarch Motors, Inc.*, 952 P.2d 1058, 1061 (Utah 1998).

¶ 12 Midland filed its motion for summary judgment on July 13, 2011. Any response to Midland's motion was due no later than September 2, based on Sotolongo's requests for an enlargement of time to respond. Sotolongo did not file his supplemental memorandum in opposition to Midland's motion until October 16. Sotolongo did not request

leave of the district court to file a late memorandum in opposition to Midland's motion for summary judgment. *See* Utah R. Civ. P. 7(c)(1) (providing that a memorandum in opposition shall be filed within ten days after service of a motion). Neither did he request leave to file a supplemental pleading relating to the parties' motions, and such a supplemental pleading was not otherwise authorized by the district court or the Utah Rules of Civil Procedure. *See id.* (providing that no memoranda will be considered without leave of court except those enumerated in this rule). Thus, whether the supplemental memorandum is viewed as an untimely opposition or a supplemental pleading otherwise disallowed by the rules of civil procedure, Sotolongo was required to receive leave from the district court to file it. Because he did not do so, the district court had a reasonable basis on which to grant Midland's motion to strike, and the district court therefore did not abuse its discretion in striking Sotolongo's supplemental memorandum. *See Langeland,* 952 P.2d at 1061; *see also Hartford Leasing Corp. v. State,* 888 P.2d 694, 702 (Utah Ct.App.1994) (observing that a trial court acted "well within its discretion in refusing to accept a supplemental memorandum that was submitted without prior invitation and outside the bounds of duly promulgated procedural rules").

¶ 13 Sotolongo also asserts that Midland's opposition to his motion for summary judgment on the Consumer Claims was not timely and that the district court should have struck Midland's opposition in addition to striking his supplemental memorandum. Sotolongo contends that the district court's striking of his supplemental memorandum without striking Midland's opposition "suggests an improper judicial bias in favor of Midland." However, Sotolongo never filed a motion to strike or an objection to Midland's opposition. He does not identify any place in the record where he notified the district court of this issue with Midland's filings. The district court thus had only Midland's motions to strike before it at the time of the motion hearing, and it had no request to strike the memorandum with which Sotolongo now takes issue. Thus, we see no abuse of discretion in the district court's actions.

Accordingly, we reject Sotolongo's claim of judicial bias and affirm the district court's grant of Midland's motion to strike Sotolongo's memorandum.

## II. The District Court Did Not Err in Granting Midland's Motion for Summary Judgment on the Breach of Contract Claim.

¶ 14 Sotolongo next argues that the district court erred in granting summary judgment to Midland on its breach of contract claim. Sotolongo contends that Midland's affidavits in support of its motion were insufficient to establish that it was entitled to judgment as a matter of law and that his sworn statement created a disputed issue of fact as to the amount of the debt.

### A. Midland's Affidavits in Support of Summary Judgment

¶ 15 Sotolongo argues that one or more of the affidavits accompanying Midland's motion for summary judgment were deficient and that the motion therefore did not have an adequate evidentiary foundation for the factual allegations made therein. Sotolongo asserts that as a result of these deficiencies, Midland's motion did not establish that it was entitled to judgment as a matter of law. *See Orvis v. Johnson,* 2008 UT 2, ¶ 10, 177 P.3d 600 ("Where the moving party would bear the burden of proof at trial, the movant must establish each element of his claim in order to show that he is entitled to judgment as a matter of law."). However, Sotolongo neither moved below to strike any of Midland's affidavits nor presented any argument in his own motion for summary judgment that Midland's affidavits were deficient. Sotolongo raised this issue only belatedly in his supplemental memorandum, which we have determined was properly struck by the district court. *Supra* ¶ 12. To preserve an issue for appeal, the issue must be specifically and timely raised before the district court in such a way that the district court has an opportunity to rule on it, and "the challenging party must introduce supporting evidence or relevant legal authority." *438 Main St. v. Easy Heat, Inc.,* 2004 UT 72, ¶ 51, 99 P.3d

801. Because Sotolongo's argument that Midland's affidavits are deficient was never properly before the district court, it is not preserved for review by this court on appeal.

¶ 16 Moreover, Sotolongo does not present any argument in his briefing to this court to demonstrate any deficiencies in Midland's affidavits. He merely asserts that he demonstrated the deficiencies in his supplemental memorandum. An issue is not properly presented to this court for review by mere reference to a prior pleading in which the argument was made—particularly where that pleading was struck below—and we will not consider an argument presented in this way. *See* Utah R.App. P. 24(a)(9) (explaining that an appellant's brief "shall contain the contentions and reasons of the appellant with respect to the issues presented ... with citations to the authorities, statutes, and parts of the record relied on"). Accordingly, Sotolongo has failed to meet his burden of demonstrating error in the district court's consideration of Midland's affidavits.

B. Disputed Facts Regarding the Amount Owed

¶ 17 Sotolongo next contends that he established a genuine dispute as to the amount he owed on the account and that the district court therefore erred in granting summary judgment to Midland. "[I]t only takes one sworn statement under oath to dispute the averments on the other side of the controversy and create an issue of fact." *Draper City v. Estate of Bernardo*, 888 P.2d 1097, 1101 (Utah 1995) (citation and internal quotation marks omitted). Sotolongo claims that the amount owed was effectively controverted by his averments in his own motion for summary judgment that (1) his account statements included "several unauthorized charges for 'Account Plus,'" (2) his account statements were therefore inaccurate, and (3) the amounts claimed by Midland on the basis of those statements were also inaccurate.

¶ 18 However, Sotolongo did not file a timely opposition to Midland's motion for summary judgment. And Sotolongo's own motion for summary judgment on the Consumer Claims failed to address and controvert the factual statements in Midland's motion as required by rule. *See* Utah R. Civ. P.

7(c)(3)(B) (requiring a memorandum opposing a motion for summary judgment to contain "a verbatim restatement of each of the moving party's facts that is controverted" and "an explanation of the grounds for any dispute, supported by citation to relevant materials"). "Each fact set forth in the moving party's memorandum is deemed admitted for the purpose of summary judgment unless controverted by the responding party." *Id.* R. 7(c)(3)(A). Because Sotolongo's motion for summary judgment on the Consumer Claims failed to address or controvert any of the factual assertions made in Midland's motion for summary judgment, Sotolongo failed to raise a genuine issue of material fact that would preclude summary judgment on Midland's breach of contract claim.

¶ 19 Even if we were to look past Sotolongo's procedural missteps, the factual averments in his motion for summary judgment on the Consumer Claims are inadequate to create a factual issue as to the amount Sotolongo owed on the account. Sotolongo's averments do not specifically controvert the amount owed but only reference "several" unauthorized charges. Sotolongo does not identify the number or amount of the unauthorized charges or the amount he believes is correctly owed on the account. "[B]are contentions, unsupported by any specification of facts in support thereof, raise no material questions of fact as will preclude the entry of summary judgment." *Schnuphase v. Storehouse Mkts.*, 918 P.2d 476, 477–78 (Utah 1996) (citation and internal quotation marks omitted). While Sotolongo's pleading below referred to an "Exhibit C" that may have contained such information, this exhibit is not in the record on appeal. Without more, Sotolongo's generalized claim that the amount owed was inaccurate due to "several unauthorized charges" in an uncertain sum is not sufficient to raise a genuine issue of material fact to preclude summary judgment. Accordingly, we affirm the district court's grant of summary judgment to Midland on its breach of contract claim.

III. The District Court Did Not Err in Granting Summary Judgment to Johnson Mark on the Consumer Claims.

¶ 20 Sotolongo's third-party complaint and motion for summary judgment against John-

son Mark raise a farrago of purported FDCPA and UCSPA violations. We address the federal and state claims in turn.

## A. FDCPA Claims

¶ 21 Sotolongo argues that the district court erred in concluding that all of his FDCPA claims must fail because Sotolongo did not timely dispute the debt after receiving an initial communication from Johnson Mark. Section 1692g of the FDCPA provides a debtor with certain protections if, within thirty days of receiving an "initial communication" from a debt collector, the debtor notifies the debt collector in writing that the debt is disputed. *See* 15 U.S.C. § 1692g(a), (b) (2006).[2] The district court determined that the undisputed facts demonstrated that Johnson Mark had sent an initial communication to Sotolongo on July 23, 2010, and that Sotolongo had not asserted any rights under section 1692g within thirty days of receipt. The court determined that Midland's filing of its complaint on September 22, 2010, was therefore not an "initial communication" and that Sotolongo's request for verification at that point did not trigger any protection under section 1692g. The district court concluded that, as a result, none of Sotolongo's FDCPA claims could survive summary judgment.

¶ 22 Sotolongo argues that even if his section 1692g claims fail, his claims under sections 1692d and 1692e were not foreclosed by his failure to assert any rights under 1692g.[3] We agree with Sotolongo's assertion, but we affirm the district court's grant of summary judgment to Johnson Mark because Sotolongo has failed to demonstrate that he is entitled to relief under any provision of the FDCPA.

## 1. Misrepresentation of the Amount of the Debt

¶ 23 Sotolongo asserts that once he challenged the amount of the debt, every subsequent representation by Midland as to the amount owed was false and deceptive, and thus violated section 1692e of the FDCPA. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (2006). However, "the allegation that the debt is invalid, standing alone, cannot form the basis of a lawsuit alleging fraudulent or deceptive practices in connection with the collection of a debt." *Bleich v. Revenue Maximization Grp., Inc.*, 233 F.Supp.2d 496, 501 (E.D.N.Y. 2002). A debt collector may rely on its client's representations as to the amount of the debt. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1174 (9th Cir.2006). And the FDCPA does not impose on debt collectors a duty to independently investigate the amount owed but only to confirm the amount claimed with their client. *Id.*

¶ 24 Sotolongo argues that once he "vehemently denied" he owed the amount Midland claimed was due on the account, it was no longer reasonable for Johnson Mark to rely on the figures given to it by Midland. However, the case he cites for this proposition, *Clark v. Capital Credit & Collection Services, Inc.*, clearly holds that debt verification involves "nothing more" than confirming in writing the amount owed with the creditor and that the FDCPA imposes no duty on a debt collector to independently investigate the claimed debt. 460 F.3d 1162, 1173–74 (9th Cir.2006) (citation and internal quotation marks omitted). Sotolongo does not argue that Johnson Mark failed to verify the debt with Midland, and his argument that Johnson Mark's reliance on the figures given to it by

---

2. For purposes of our analysis, we assume without deciding that the Johnson Mark defendants are attorneys who "regularly engage in consumer-debt-collection activity" and that the FDCPA applies to their conduct in this matter. *See Heintz v. Jenkins*, 514 U.S. 291, 299, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) (internal quotation marks omitted) (concluding that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation").

3. Sotolongo does not challenge the district court's grant of summary judgment to Johnson Mark on his claims under section 1692g. Rather, he challenges only the district court's failure to analyze his other FDCPA claims independently of its determination that his section 1692g claims were foreclosed.

**880**

Midland was unreasonable is foreclosed by *Clark*. Accordingly, Sotolongo has not demonstrated that Johnson Mark misrepresented the amount owed in violation of section 1692e.

### 2. Credit Union Subpoena

¶ 25 Sotolongo next argues that a subpoena that Johnson Mark served on Sotolongo's credit union was improper and that its issuance violated the FDCPA. The basis of Sotolongo's argument is that Johnson Mark failed to dispute Sotolongo's "commentary" to particular statements of fact asserted in Sotolongo's motion for summary judgment and that this commentary was thus deemed admitted—establishing for purposes of summary judgment that the subpoena was " 'a shameless invasion of Sotolongo's financial privacy and was offensive and harassing.' "

¶ 26 As an initial matter, it is not clear that such commentary—consisting entirely of Sotolongo's legal conclusions, rather than factual assertions—is appropriate in a statement of material facts in a summary judgment memorandum. *See* Utah R. Civ. P. 7(c)(3)(A) (setting out the required form of a statement of material facts in a memorandum supporting a motion for summary judgment). However, even if the incorporation of such legal argument into a statement of material facts is proper, Sotolongo's legal conclusions are not *facts* that are deemed admitted if not controverted by the nonmoving party. *See id.* ("Each *fact* set forth in the moving party's memorandum is deemed admitted for the purpose of summary judgment unless controverted by the responding party." (emphasis added)). Accordingly, Johnson Mark is not deemed to have admitted that the subpoena was "a shameless invasion of Sotolongo's financial privacy" or that it violated the FDCPA.[4]

¶ 27 Sotolongo provides no other argument or legal analysis to support his claim that the issuance of the subpoena constituted an FDCPA violation. Neither does he explain how the subpoena violated any particular provision of the FDCPA. We agree that the timing and scope of the subpoena are very troubling insofar as the subpoena targets a much broader range of financial information than would be necessary to effectuate Johnson Mark's purported goal of establishing a payment history between Sotolongo and the disputed account. However, this court's discomfort with a party's discovery methods is not a ground for relief under the FDCPA. Absent a demonstration by Sotolongo that the subpoena violated a particular prohibition in the FDCPA, we are not persuaded that he is entitled to relief.

### 3. Remaining Section 1692e Claims

¶ 28 Sotolongo also argues that Johnson Mark made an array of false or deceptive statements and arguments in the course of litigation. In considering claims under the FDCPA, we "are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir.2010). Thus, "if a representation would not mislead or deceive *with respect to the debt*, it is not actionable, even if it is technically false." *Penn v. Cumberland*, 883 F.Supp.2d 581, 589 (E.D.Va. 2012) (emphasis added). "In other words, in order for a false statement to violate the FDCPA, it must affect a consumer's ability to make intelligent decisions with respect to the alleged debt." *Id.*

¶ 29 Even if we assume that the remaining issues identified by Sotolongo involve misrepresentations, he has not identified any way in which these statements or actions by Johnson Mark—most of them relating only to procedural matters and arguments made to the court—misled or deceived him with respect to the debt. Sotolongo has not demonstrated that Johnson Mark's alleged misrepresentations frustrated his ability to make intelligent decisions with respect to his disposition of the debt or this litigation. Accordingly, the conduct and statements identified by Sotolongo are not actionable, and he has

---

**4.** Sotolongo makes the same argument with respect to a set of discovery requests that Johnson Mark served on him, which we reject for the same reason.

not demonstrated that he is entitled to relief under section 1692e.

### 4. Section 1692d Claims

■■■ ¶ 30 Sotolongo claims that a number of actions taken by Johnson Mark in the course of litigation violated section 1692d of the FDCPA. "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d (2006). This section protects a debtor "only from oppressive and outrageous conduct." *Bieber v. Associated Collection Servs., Inc.*, 631 F.Supp. 1410, 1417 (D.Kan.1986).

¶ 31 While Sotolongo identifies nine specific actions that he believes violated section 1692d, he provides no legal analysis or authority for his claim that "[e]ach of these was an action which had the natural consequence of harassing, oppressing or abusing Sotolongo. Each violated 1692d." He does not attempt to explain how the "natural consequence" of each of these actions was to harass or abuse, or how these actions were oppressive and outrageous. *See* 15 U.S.C. § 1692d; *Bieber*, 631 F.Supp. at 1417. Thus, Sotolongo has failed to adequately brief these claims, and has not met his burden on appeal. *See State v. Thomas*, 961 P.2d 299, 305 (Utah 1998). Accordingly, we affirm the district court's grant of summary judgment to Johnson Mark on Sotolongo's FDCPA claims.

### B. UCSPA Claims

■■■ ¶ 32 Sotolongo argues that the district court erred in granting summary judgment to Johnson Mark on his UCSPA claims. It is a violation of the UCSPA for a "supplier" to commit a "deceptive act or practice" in connection with a "consumer transaction." Utah Code Ann. § 13–11–4(1) (LexisNexis Supp.2010). In granting summary judgment to Johnson Mark, the district court concluded that Sotolongo's UCSPA claims failed because collection of credit card debt is not a "consumer transaction" and Johnson Mark is not a "supplier" within the meaning of the UCSPA. However, we need not determine whether the district court correctly interpreted these terms because Sotolongo has failed to demonstrate that Johnson Mark knowingly or intentionally committed any deceptive act. "[T]he plain language of the UCSPA specifically identifies intentional or knowing behavior as an element of a deceptive act or practice...." *Martinez v. Best Buy Co.*, 2012 UT App 186, ¶ 4, 283 P.3d 521; *see also Rawson v. Conover*, 2001 UT 24, ¶ 36, 20 P.3d 876 ("The [UCSPA] ... requires that the supplier knowingly or intentionally deceive the consumer.").

¶ 33 Sotolongo's only briefing addressing this element is a claim that "[m]any of the misrepresentations alleged by Sotolongo were clearly 'knowingly' made as argued in Sotolongo's papers." However, he has not made any such argument in his briefing to this court, nor has he directed this court to any evidence in the record from which we could make such a determination. Sotolongo's UCSPA claims cannot survive summary judgment without a showing of intentionally or knowingly deceptive conduct. Accordingly, we affirm the district court's grant of summary judgment to Johnson Mark on Sotolongo's UCSPA claims.

### IV. The District Court Erred by Awarding Attorney Fees to Midland Without Allowing Sotolongo Time to Object.

■■ ¶ 34 Sotolongo next argues that the district court erred in awarding attorney fees to Midland without first allowing Sotolongo an opportunity to object to the basis for and amount of attorney fees awarded. Midland served its affidavit of attorney fees on Sotolongo by mail on Friday, April 6, 2012. The affidavit was filed with the court on Monday, April 9, and the district court entered judgment in favor of Midland on April 11. Sotolongo asserts that because he was entitled to at least five business days to file an objection to a proposed order under rule 7 of the Utah Rules of Civil Procedure, the district court erred in entering judgment after only three business days.

¶ 35 Rule 7 governs the form and timing for submission of proposed orders. Utah R. Civ. P. 7(f). A party has five days after service of a proposed order to object, and the party preparing the order must file the order

with the court upon the expiration of the time to object or after the other party serves an objection. *Id.* R. 7(f)(2). However, this court has previously determined that "the rules pertaining to the entry of proposed judgments and orders are binding only on the litigants and not on the trial court." *Henshaw v. Estate of King*, 2007 UT App 378, ¶ 25, 173 P.3d 876 (concluding that rule 7(f)(2) "places no restrictions on when a trial court may sign a proposed judgment or order"). Because the rule applies only to the parties, the district court could not violate rule 7 by entering judgment before the expiration of Sotolongo's time to object. *See id.* (explaining that "nothing in rule 7(f) requires the trial court to wait for the expiration of a party's objection period prior to signing a proposed order").

¶ 36 However, while rule 7 does not restrict the district court's authority to enter judgment without allowing Sotolongo time to object, we also consider whether doing so was an abuse of the district court's discretion to manage the case before it. *See Posner v. Equity Title Ins. Agency, Inc.*, 2009 UT App 347, ¶ 23, 222 P.3d 775. When reviewing a district court's exercise of its discretion, we will reverse only if there is no reasonable basis for the district court's decision. *Langeland v. Monarch Motors, Inc.*, 952 P.2d 1058, 1061 (Utah 1998).

¶ 37 In *Henshaw v. Estate of King*, the trial court had ruled from the bench on the parties' cross-motions for directed verdict and, at the end of trial, instructed the prevailing party to prepare an order reflecting the trial court's rulings. 2007 UT App 378, ¶¶ 4–7, 173 P.3d 876. The trial court signed the order shortly thereafter, before Henshaw filed an objection with the trial court. *Id.* ¶ 7. On appeal, Henshaw argued that the trial court had violated rule 7(f) by prematurely entering judgment. *Id.* ¶ 22. We rejected Henshaw's argument for the reasons explained above. *Id.* ¶ 25. We also rejected Henshaw's underlying due process argument on the basis that he had been heard on his substantive challenge to the proposed order—the trial court had rejected Henshaw's objections because the order " 'accurately reflect[ed] the [c]ourt's ruling.' " *Id.* ¶ 26 & n. 9 (alterations in original).

■ ¶ 38 This case is unlike *Henshaw* in that the order entered by the district court here was not merely a memorialization of a previously entered ruling, but a decision on Midland's entitlement to attorney fees and the amount thereof. "Generally, attorney fees are awarded only when authorized by contract or by statute." *Bilanzich v. Lonetti*, 2007 UT 26, ¶ 11, 160 P.3d 1041. While the district court's summary judgment ruling stated that Midland was entitled to attorney fees, it did not indicate on what basis the court had made that determination, and the parties had not addressed the issue in their summary judgment memoranda. Indeed, the contract that Midland produced as the basis for an award of attorney fees was not placed before the district court until Midland submitted its attorney-fees affidavit. And the district court awarded attorney fees to Midland, presumably on the basis of that contract, without allowing Sotolongo an opportunity to challenge the authenticity of the contract or the scope of the attorney-fees award authorized by the contract. The district court's entry of judgment in favor of Midland only three business days after the attorney-fees affidavit had been mailed to Sotolongo unreasonably denied Sotolongo an opportunity to be heard on the issue of attorney, fees.[5] Accordingly, we conclude that the trial court abused its discretion in awarding attorney fees to Midland without allowing Sotolongo an opportunity to object.

¶ 39 Further, we conclude that this error affected Sotolongo's substantial rights and therefore merits our vacating the district court's award of attorney fees to Midland. *See Ross v. Epic Eng'g, PC*, 2013 UT App 136, ¶ 12, 307 P.3d 576 (" 'The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.' " (quoting Utah R. Civ. P. 61)). The district court's premature entry of judgment

---

5. The district court's entry of judgment so soon after service of the affidavit by mail is particularly troubling given that rule 6 of the Utah Rules of Civil Procedure allows a party three additional days to respond to documents served by mail.

in favor of Midland deprived Sotolongo of his opportunity to argue that some or all of the attorney-fees award was not authorized by statute or contract, or to present any evidence bearing on the matter. Under these circumstances, "there is at least a reasonable likelihood that in the absence of the error the result would have been different." *Id.* Accordingly, we vacate the district court's award of attorney fees to Midland.[6]

## V. Attorney Fees on Appeal

¶ 40 Midland has requested an award of attorney fees and costs reasonably incurred on appeal. When a party that was awarded attorney fees below prevails on appeal, that party is entitled to an award of fees reasonably incurred on appeal. *Valcarce v. Fitzgerald,* 961 P.2d 305, 319 (Utah 1998). Because Midland has successfully defended its victory below with respect to the principal issues raised on appeal, Midland is the prevailing party on appeal. *See id.* However, when an appellee successfully defends a judgment on appeal, an "award of fees on appeal requires both a fee award below and success in the appellate court." *Holladay Towne Ctr., LLC v. Brown Family Holdings, LC,* 2008 UT App 420, ¶ 25, 198 P.3d 990, *aff'd,* 2011 UT 9, 248 P.3d 452. Because we have vacated the district court's award of attorney fees, we may award Midland its attorney fees incurred on appeal only if, on remand, the district court again awards Midland its attorney fees incurred below. Accordingly, we direct the district court on remand to first determine if Midland is entitled to an award of attorney fees incurred below. If the district court determines that such an award is authorized, Midland is also entitled to an award of attorney fees reasonably incurred on appeal, and we direct the district court to determine the amount of both awards.

¶ 41 Midland also requests an award of "just damages," arguing that Sotolongo's appeal is without merit and was asserted solely for delay. This court may award just damages, including costs and attorney fees, if we determine that an appeal is either frivolous or taken for delay. *See* Utah R.App. P. 33(a). "But the imposition of such a sanction is a serious matter and only to be used in egregious cases, lest the threat of such sanctions should chill litigants' rights to appeal lower court decisions." *Redd v. Hill,* 2013 UT 35, ¶ 28, 304 P.3d 861. "Sanctions are appropriate for appeals obviously without merit, with no reasonable likelihood of success, and which result in the delay of a proper judgment." *Id.* (citation and internal quotation marks omitted). Midland has not demonstrated that this is an "egregious case" or that it has resulted in delay of a proper judgment. *Id.* Accordingly, we conclude that Midland is not entitled to an award of just damages, and we deny its request.

## CONCLUSION

¶ 42 The district court did not abuse its discretion in granting Midland's motion to strike Sotolongo's supplemental pleading that was filed without leave of court. And the district court did not err in granting summary judgment to Midland on its breach-of-contract claim or to Johnson Mark on the Consumer Claims. Sotolongo has not demonstrated his entitlement to relief under the FDCPA or UCSPA for any actions taken by Johnson Mark or Midland. However, the district court abused its discretion in awarding attorney fees to Midland without allowing Sotolongo an opportunity to object. We therefore vacate the award of attorney fees to Midland, affirm the judgment of the district court in all other respects, and remand

---

**6.** Midland argues that because the district court determined that Sotolongo's rule 60(b) motion did not present a "meritorious defense" to the entry of judgment, this court should determine that the district court did not abuse its discretion in denying Sotolongo's motion and should decline to disturb the attorney fee award on that basis. However, an order denying relief under rule 60(b) is a separate appealable order from the underlying judgment. *Amica Mut. Ins. Co. v. Schettler,* 768 P.2d 950, 970 (Utah Ct.App.1989). Sotolongo timely appealed from the April 11, 2012 judgment and has framed his challenge as an attack on that judgment. Accordingly, we do not review the district court's denial of Sotolongo's rule 60(b) motion but review the underlying judgment under the standards set forth above. *See supra* ¶¶ 8–10.

for further proceedings consistent with this opinion.